**FILED**

SEP 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

### CIVIL ACTION DIVISION

Rafael Daniel De La Cruz-Jimenez®
Reg.No. [56269-004]
United States Penitentiary Canaan/CCA
In care of: Post Office Box [300]
Waymart, near [18472] Pennsylvania

Rafael Daniel De La Cruz-Jimenez®

        Plaintiff,

VS.

U.S.Department of Justice
Immigration and Naturalization Service/INS Office
and Administrator
INS/Office at Krome SPC in Miami, Florida
P. Garcia, In Lieu of Ft. Lauderdale, FL Offices
and F.B.O.P. Agency
950 Pennsylvania Ave. N.W.,
Washington D.C. 20530-0001

        Defendants.

Case: 1:07-cv-01690
Assigned To : Unassigned
Assign. Date : 9/24/2007
Description: Pro Se Gen. Civil

Case No.

CASE RE-ASSIGNED
DEC 0 4 2007
TO: ...

### THIS IS A DIVERSE CITIZENSHIP ACTION
### COMPLAINT UNDER 42 U.S.C. § 1983

### COMPLAINT

I, Rafael Daniel De La Cruz-Jimenez®, Plaintiff is filing this Civil Action

Complaint **For Lack of Cooperation and Deprivation of Notice Action A-79442-849**

Date __August 7, 2002__, Request. **False Control of Inmate's Optional Request to be**

**Deported under its Notice of Action** brought by the U.S.Department of Justice to

have me under INS P. Garcia In lieu of transfer within 48 Hours of the federal

government request and Notice of Action order on __August 8, 2002__. This order was

rejected by Garcia who is a said part of U.S. Justice Dept. Agency in a Florida

**RECEIVED**

AUG 3 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Rafael ... ©
AUGUST ... 2007
under UCC 1:308 Right Reserved without prejudice

Base Administration for INS.

P. Garcia ignore his Duties for over five (5) years of me trying to seek a Relief through Canaan/CCA USP Administrators who denied me under grievances follow ups to have me deported or even transfered back to my country where I am a citizen from Dominican Republic and which I am asking to be sent back at the First 48 Hours that the U.S. Justice Department Insisted.

It has been now over Five (5) years of waiting and negletion of my Civil Rights and Constitutional Laws under the U.S.A., and that which P. Garcia knew of the order of Notice of Action sent to F.B.O.P. USP Canaan/CCA and as well as other parties. this was now brought to my attention of my documentation by which the U.S.Department of Justice gave request of deportation to P. Garcia and the F.B.O.P. Agency to exercise this Right to have me in 48 hours in deported percission than to linger here for over five (5) years.

It is the F.B.O.P. and P. Garcia INS and INS to see that such Action is Dominated Carried out  to it satisfaction for the Immigrant or Inmate. I was Discriminated against and Deprived my privilege requestor by U.S.Depat. of Justice P. Garcia Duties to make this transition completed.

On and about <u>July 13, 2007,</u> I file numerous Administrations Remedies in this matter at hand. The responses I received was not resolved, I have exhausted all my Remedies in getting a response of fairness so, to day this **Civil Action Complaint** goes into details, I Rafael Daniel De La Cruz-Jimenez®, Sui Juris in Propria Persona, in capacity of A De Jure Citizen of Dominican Republic for issuance of **Civil Action to Compel the afore-named Defendants In Lieu of U.S. Department of Justice INS Office Krome SPC, P. Garcia and F.B.O.P. Administration.**

There in after the Defendants to perform his clear, Mandatory and Ministerial Duty owed Aggrieved Party in satisfaction of His Fifth Amendment Right to Due prcess of Law and Equal Protection. My Constitutional Rights has been taken lightly of my Rights and Deprived any Relief to have this matter deport me to Dominican Republic.

2

*Rafael Daniel De La Cruz-Jimenez* ©
August 12th, 2007
under UCC1.308 All Right Reserved without prejudice

In reference to Deprivation and Descrimination of Character by Federal Bureau of Prisons Employers and Employees who have not yet conveyed to resulve these serious issues.

## FACTS

I, Plaintiff Rafael Daniel De La cruz-Jimenez®, has ask for these Defendants of Federal Bureau of Prisons., to see under laws and provisions that I should be given the opportunity in which theirs no **Detainer on me to extent to hold me here** when I can be deported. It is a fact that I am not an American Citizen nor have any reason to stay in this country. For further fatcs, there is no adequate means of enforcing his Constitutional Rights to <u>Seller,</u> relief where the Respondent is in capacity of private Contractor in service of Executive Branch of Government who routinely ignored Constitutional Due Process for Detainer where Enforcement of same is incumbent upon Executive Branch Agents but not private Contractors; and as is here, refuses to obey the Due Process Requirements of <u>Seller</u>;  Supra, to Civil Suit and Complaint: And maintain[**U.S.Dept. of Justice, INS Agency,'INS Office at Krome SPC**] , [**USP Canaan,'CCA Federal Datainer Records with such accuracy, Relevance, Timeliness, and Completeness as is Reasonably necessary to Assure Fairness to individual, "Ibid", at 959 F2d. 312.**

The Privacy Act that requires each Agency of the federal government to maintain accurate records for fairness to those in custody to the agency, and as Respondent is in **"A Fiduciary Relationship"** that He is in **"Contractual Dealings"** with the **"Executive Branch of Federal government"**, He is in fact a federal agency hence Plaintiff has a clear and indisputable **"Right to Civil Action to Issue in enforcing the Privacy Act.** <u>Hanes v. Liggett Group,</u> 975 F. 2D 81, (3rd Cir. 1992).

3

_Rafael Daniel De La cruz Jimenez_®
August 12th, 2007
under ucc1.308 All Right Reserved without prejudice

<u>**RELIEF**</u>

**(Plaintiff)**

I, Rafael Daniel De La Cruz-Jimenez®, am filing this Civil Complaint fo the invasion of my rights of having a private and nominal request without someone depriving me this right and discriminate against my character recklessly.
I am filing for Inccurate information in which the four defendants named in this matter which caused me this escalate against me wrongfully and other parties who caused the typed of dilemma, which I named in this Civil Complaint.

**(Relief Action)**

**REQUEST**

I, Rafael Daniel De La Cruz-Jimenez®, (Plaintiff),

(1) Seek from this Honorable Court relief to have a Court appointed attorney Pro Bono to represent me.
(2) May this Honorable Court bring those who reported the misinformation and who caused these allegations of deception and discrimination.
(3) I wish to set a trial by jury and ask this Honorable Court to have each Defendants that is responsible to reveal the reason for there denying me my home right so they can stand trial for this type of deprivation issue, slander and discrimination as well as degrading me while here and incarcerated.
(4) May this Honorable Court know that I am asking financial relief in damages and injuries in which I, Rafael Daniel De La Cruz-Jimenez®, whose whole life was dishonored and displaced punitively, monetarily, emotionally equitably. I am asking in finding by this Court an amount of $2,500,000.00 (Two Millions Five Hundred Thousand Dollars) from each of these Multi-Defendants named in this claim (under Civil Rights Act 42 U.S.C. § 1983).

August 12th. 2007
Date

Signed

4

Rafael Daniel Dela Cruz Jimenez ®
August 12th. 2007

under ucc1.308 all Rights Reserved without prejudice

I.     SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.     PREVIOUS LAWSUITS

A.     Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?          Yes ( )          No (X)

B.     Have you begun other lawsuits in state or federal court relating to your imprisonment?          Yes ( )          No (X)

C.     If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1.     Parties to this previous lawsuit.

        Plaintiffs: _____0_____

        Defendants: _____0_____

    2.     Court (If federal court, please name the district; if state court name the county.)

        _____0_____

    3.     Docket number: _____0_____

    4.     Name of judge to whom case was assigned: _____0_____

    5.     Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)

        _____0_____

    6.     Approximate date of filing lawsuit: _____0_____

    7.     Approximate date of disposition: _____0_____

Rafael David Dela Cruz ©
August 12th, 2007
Under UCC1.308 All Right Reserved without prejudice

III.   **PLACE OF CONFINEMENT**

P.O. Box [300]

Waymart, near [18472] Pennsylvania

A.   Is there a prisoner grievance procedure in this institution?  Yes(X)   NO( )
If your answer is Yes, go to Question III B. If your answer is No, skip
Questions, C and D go to Question III E.

B.   Did You present the facts relating to your complaint in the prisoner
grievance procedure?   Yes (X)        No( )

C.   If your answer is Yes to Question III B:

1.   To whom and when did you complaint? In this matter I filed grievance in
September 01, 2006, and also December 18, 2006, to  P. Garcia INS Office

2.   Did you complaint in writing?. (Furnish copy of the complaint you made,
if you have one.)     Yes(X)        No(X)

3.   What, if any, response did you receive? (Frunish copy of response, if in
writing.) They denied me and they did not resulted the issue.

4.   What happened as a result of your complaint?  Never answer my request
and Denied my request and letters.

D.   If your answer is No to Question III B, explain why not. My Question is Yes

E.   If there is no prison grievance procedure in the institution, did you complain
to prison authorities?        Yes(X)        No( )

F.   If your answer is Yes to Question III E;

1. To whom and when did you complain? The USP Canaan-Wardens, Ronnie Holt, and
Cameron Lindsay, and Unit Staff, and P. Garcia INS Office, Krome SPC Office.

2. What if any response did you receive? (Furnish copy of response, if in
writing.) Only Verbal response, However, denied any relief.

3. Did you complain in writing? (Furnish copy of the complaint you made, if in
writing.)     Yes(X)        No( )

4. What happened as a result of your complain? I was denied and relief and
I am filing a lawsuit and in D.C. District Court.

6

Rafael Raul Delacruz ©
August 12th. 2007
Under UCC 1.308 All Rights Reserved without prejudice

IV    PARTIES

In item below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiff, if any.

A.    Name of Plaintiff: Rafael Daniel De La Cruz-Jimenez®
      Address: P.O. Box [300], Waymart, near [18472] Pennsylvania

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and address in the fourth blank, Do the same for additional defendants, if any.

B.    Defendant: FEDERAL BUREAU OF PRISONS (HQ) Director
      Address: 320 First Street, N.W., Washington, D.C. 20001

      Defendant: U.S. Department of Justice/Immigration and Naturalization Service/
      INS Office and Administrator.
      Address: 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001

      Defendant: (INS Office) Krome SPC,
      Address: 18201 SW 12th Street, Miami, Florida 33194; at (305) 552-1845

      Defendant: P. Garcia/INS Officer handling Case,/INS Office
      Address: Krome SPC, 18201 SW 12th Street, Miami, Florida 33194, at:(954) 356-7790

7

Rafael Daniel De La Cruz Jimenez ©
August 12th, 2007
under UCC 1.308 All Right Reserved without prejudice

V.                          STATEMENT AND CLAIMS

                                 GROUNDS

1. It is evident that on **August 7, 2002,** an Immigration Detainer-Notice of Action
   was sent faxed to the attention of P. Garcia INS officer,'at (954) 356-7790.,
   P. Garcia denied to follow up on this **Data Information** that was given to him to
   have me in 48 Hours be deported in custody of INS issues which the Federal Regu-
   lation 8 CFR 28.7 was checked off so that this matter can be accomplished. See
   **Exhibit A-1.**

2. INS U.S. Department of Justice have given this under of notice to INS Officials
   and Immigration Inspector· who signed of on the **A-79442-849 A-3** on **August 7, 2002.**
   This Notice of Action had my Full Name on it and U.S. Customs/'U.S. Marshall's
   Fax: 7088 and INS Office for Krome SPC, 18201 SW 12th Street, Miami, Florida 33194
   at: (305) 552-1845. This matter was given to F.B.O.P. Canaan USP, who then had
   custody over me in lieu of any transfer. They knew of the transfer Notice of Action
   for Immigration reasons but fail to comply or follow through or alert me of this
   matter concerning P. Garcia INS Officer to have me transported in custody or back
   to Dominican Republic. **See Exhibit A-1.**

3. P. Garcia, INS Officer, Krome SPC in Miami Florida/'U.S. Department of Justice
   Agencies including F.B.O.P. Canaan USP Administrators, all have cause **deception
   to Computer Data and Information Concerning any Investigation or Initiation for
   Removal from United States Back to Dominican Republic,** this type of neglect
   doesn't constitute their Rightfulness and Dutie to be carried out professionally.
   However, shows a lack of cooperation for me as well as its Federal Government
   Department.

4. It is also evidented the P. Garcia and U.S. Department of Justice  Office in
   Miami Florida; and to add the F.B.O.P. Administration demostrated turpitude and
   strife to their potential accessements to have these types of Immigrations and
   Inmates in perssission of there removal. Therefore they the Defendants **Fail to
   Act Aggressively to any Removal Concerns or the concerns of Rights in step of
   there own U.S.Department of Justice/'Immigration Detainer-Notice of Action in the
   time allowed as well as allotted under Federal Regulations (8-CFR 28.7) hours.**
   This plays a big factor after a five (5) years delayment for particular purposes;
   just to have me linger here, and **Deprive me to the extent of Discrimination and
   Neglect.**

5. Plaintiff is an immigrant lawfully allowed in the United States pursuant a visa
   stamp. He is currently under suretyship to a Federal Judgment initiated and imposed
   by the Executive Branch of the Federal Government through a summary seizure and
   trial pursuant preemptive Federal Jurisdiction over state crimes punisheble under
   original prosecution by United States of America.

6. On or about **October 18, 2003,** Plaintiff is satisfaction of the aforesaid 360 months
   judgment was tranfer to USP Canaan/'CCA; at initial term review was informed their
   records showed a detainer had been lodge against him. As a result he was classified
   as unable for any lesser Security or certain undisclosed programs until said
   detainer is lifted.

                                    8

under occl.30% all Rights Reserved without Prejudice

7. For almost a yaer the Plaintiff verbally requested, and said Team repeatedly denied, service of the detainer for purpose of testing it in a count of law; and On **September 01, 2006,** Plaintiff formally requested service of the detainer in writing, **to wit:** "**Entreaty for Production of INS Detainer Served to Rafael Daniel De La Cruz-Jimenez®**". A copy of said "Entreaty is attached hereto as **Exhibit A,** and incorporated herein fully by reference.

"CONTINUES OF GROUNDS 8 IN THE NEXT PAGE"

9

Rafael Daniel Dela Cruz Jimenez ©
August 12th, 2007
Under ucc1.308 All Right Reserved without prejudice

8. The response Team Menber/Case Manager DeRoberto wrote:

> "Currently a detainer is lodged against you by the Bureau of Immigration & Customs Enforcement (ICE). As policy dictates, near the end of your sentence, you will have hearing.

A copy of his response is attached as **Exhibit B**, and incorporated herein fully by reference.

9. As result on <u>December 18, 2006</u>, I filed for record with ICE Agent P. Garcia, initiator of said detainer, in **Writ of Inquiry** in the nature of Quo Warranto for determination of whether ICE detainer issued as letter of interest against ens legis RAFAEL DANIEL DE LA CRUZ JIMENEZ® or demand made by ICE upon detainer warrant that claim the lawful right to take natural person Rafael Daniel De La Cruz-Jimenez®, sui Juris/Secured Party, into custody in the future and ask Respondent to hold a Plaintiff for that purpose. A copy of the inquiry Nature of detainer is attached hereto as **Exhibit C**, and incorporated herein fully by reference.

10. Agent P. Garcia neglected or refused to perfom pursuant Plaintiff demand for Proof of the Record; **Notice of Fault and Opportunity to Cure**, issued thereafter to thereafter said ICE Agent via certified mail a copy of notice attached hereto as **Exhibit D**, and incorporated herein fully by reference.

11. ICE Agent P. Garcia neglected or refused to perform pursuant the Opportunity to Cure; whereas. **Notice of Default and Assent**, demand, and **Notice of ESTOPPEL**, issued via certified mail. A copy of notice of Default attached hereto as **Exhibit E**, and incorporated herein by reference.

12. Refused by all interest party for disclosure of an accountting of

10

Rafael Daniel De La Cruz Jimenez ©
august 12th, 2007
Under ucc1.308 All Right Reserved without prejudice

the detainer and/or service of the detainer, Planyiff filed a Proof of Claim to Warden Cameron Lindsay, to demostrate the authority under which he denys my right to accessible Court by withholding service of INS detainer while providing only a copy of "Notice of Action". A copy of Proof of Claim is attached hereto as Exhibit F, In response date March 19, 2007, Warden Camero Lindsay answered as follow:

> "A copy of the Immigration Detainer Notice of Action was provided to you by your Case Manager. The detainer was lodge on August 7, 2002 by ICE".

A copy of the letter from Cameron Lindsay, Warden is incorporated Exhibit F.1 herein fully by reference; see also, Warden Holt's Letter, Exhibit F.2.

9. Having been informed that Exhibit B, is service of detainer, this Writ of Mandamus followed.

August 12th. 2007
Date

Rafael David
Signed

11

Rafael David DelaCruz Jimenez ©
August 12th, 2007
under UCC.308 All Rights Reserved without prejudice

## POINTS AND AUTHORITIES

### I. When INS detainer may be issued:

It is provided by federal statute that in the case of an alien arrested by a federal, state, or local law enforcement official for a violation of any law relating to controlled substances, if the official, or another official: (1) has reason to believe that the alien may not lawfully present in the United States; (2) expeditiously informs an appropriate officer or employee of the INS authorized and designated by the Attorney General of the arrest and of facts concerning the status of the alien; and (3) request the INS to determine promptly whether or not to issue a detainer to detain the alien, the immigration officer or emplyee will promptly determine whether or not to issue such a detainer. [8 U.S.C.A. § 1357(d)].

### II. Who may issue detainer.

was not applicable where an alien was incarcerated on a federal conviction unrelated to alien status and thus was not in INS custody, rendering habeas corpus relief inappropriate. [8 U.S.C.A. § 1252(a).]. The following officers are authorized to issue detainers: (1) border patrol agents, including aircraft pilots; (2) special agents; (3) deportation officers; (4) immigration inspectors; (5) adjudications officers; (6) immigration enforcement agents; (7) supervisory and managerial personnel who responsible for supervising the activities of

FILED

SEP 2 4 2007

07 1690

12

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

August 12th, 2009

under u.c.c.l. 308 all Rights Reserved without prejudice

those officers listed above; and (8) immigration officers who need the authority to issue detainer under 8 U.S.C.A. § 1357(d)(3) in order to effectivety accomplish their individual missions and who are designated individually or as a class, by the appropriate authorities. [8 C.F.R. § 287.7(c).]

## III. An Immigration Detainer-Notice of Action ("IDNA") is not an INS Detainer but a notice from one Federal Agency to another Federal Agency.

A prisoner under INS detainer was not in custody of the INS for habeas corpus purposes. Although the lodging of an INS detainer against an alien serving a criminal sentence automatically rendered the alien ineligible for a work release program under state law, an IDNA detainer however, does not violate the alien's due process, since this type of detainer expressly states that it is <u>for notification purposes only and did not limit state authorities</u>' discretion regarding the alien offender. The INS's filing of an IDNA detainer with the Bureau of Prisons could not adversely affect an immate's ability to move to a less secure facility or to take advantage of other prison programs because the relevant provisions of the IDNA detainer did not restrict the discretion of prison officials respect to security classifications and related matters. [Limas v. McNarry, 799 F. Supp. 1259 (D. Mass. 19920).] [Prieto v. Gluch, 913 F.2d 1159 (6th Cir. 1990).] [Santana v. Chandler, 961 F.2d 514 (5th Cir. 1992).] Accordingly then, it is clear the "Immigration Detainer-Notice of Action" rergarding Plantiff herein, which Repondent readialy admits, notice him that an "Investigation has been initiated to determine whether this person is subject to deportation," and that the Warden

13  Rafael Raul Dibben Jimenez ©
av gust 12th 2007
under ucc 1.308 all right Reserved without prejudice

should "accept this notice as detainer" for its stated purpose
(See Exhibit F). How then can Respondent not know or should know
that a detainer with force only <u>for notification purposes only
and does not limit your discretion in any decision</u> affecting offe-
nder's classification, work and quarters assigments, or other tre-
atment which he would otherwise receive". (emphasis added). Said
detainer also requested, inter alia, that the Warden notify the INS
"of the time of [Petitioner's] release at least 30 days prior to
release or as far in advance as possible" and of any "transfer to
another Institution", which, under limited circumstance, requires a
"criminal justice agency" to maintain custody of an alien subject
to detainer for a period "not to exceed 48 hours... to permit assu-
mption of custody by the [INS].] cf. **Fernandez v. U.S. Attorney
Gen.**, 1994 U.S.Dist. LEXIS 10836 at n.2. This type of notice is
clearly <u>not</u> the type of detainer initiating a take custody request
from Immigration.

Respondent's interpretation of IDNA is a deliberate Unconstitutional
misapplication of the force of a lawful detainer. "A detainer is a
request filed by a criminal justice agency with the Institution" in
in which "a prisoner is Incarcerated asking the Institution either to
hold the prisoner for the gency or to notify the agency when rele-
ase of the prisoner is imminent". **Carchman v. Nash**, 473 U.S., 716,
719, 87 F.Ed. 3d 516, 103 S.Ct. 3401 (1983). As is well setted within
the USDC's numerous ruling make clear that the IDNA is of the latter
character, **Gillies v. Strange**, 2005 U.S.Dist LEXIS 33521, December
6, 2005. ("IDNA") indicates that its purpose is to require the

Rafael David Rodely Jiminez Ⓡ
August 12th, 2007
under UCC 1-308 All Rights Reserved without Prejudice

[Institution] to provide BICE with notice before releasing a prisoner subject to an Immigration detainer "quoting Government's Response to **Order to show Cause"**); **Kendall v. INS**, 261 F. Supp. 2d 296. April 29, 2003. ("The detainer stated that it is for **Notification purposes only and does not limit your discretion in any decision affecting the offender classification"**') (emphasis in original) **LEPEZ-MEJIA v. United states INS**, 798 F. Supp. 625, July 29, 1992. ("That 'Detainer' stated that it was for notification purposes only, and requested that the INS notified at least 30 days before...release incarceration.) Thus, beyond it is setted, the IDNA is not a detainer against me but a notice bewteen agencies.

## CERTIFICATE OF SERVICE

I, hereby Plaintiff; Rafael Daniel De La Cruz-Jimenez®, sui juris, in propria persona Secured Party, in capacity of a de jure Citizen of Dominican Republic for issuance of Civil Action in Lieu of to compel the aforenamed Defendants: Federal Bureau of Prisons Chief,/Director(HQ),  U.S. Department of Justice,/Immigration and Naturalization Service,/INS Office and Administrator, (INS Office) krome SPC, P. Garcia,/INS Officer handling case,/INS Office. I do certify under the penalty of perjury was mailed as certified and return receipt via Postage Prepaid on  12th  day August , 2007. to address:

United States District Court
for the District of Columbia
Clerk's Office (N.M.W.)
Attn: Mrs. L. Scott
333 Constitution Ave. N.W.,
Washington, D.C. 20001

Respectfully Submitted,

Rafael Daniel De La Cruz-Jimenez®
Secured Party,/Creditor

15

under ucc1.308 All Rights Reserved without prejudice

U.S. Department of Justice    Case 0:05-cv-01600-ESH   Document 1-2   Filed 09/24/2007   Page 1 of 3
Immigration and Naturalization Service    ★ Exhibit A1 ★    Immigration Detainer - Notice of Action

SIMON NADER    PAGE   01/01

File No:
A - 79 442 849   7-3

Date:
8/7/2002

TO (Name and title of institution)
U.S Customs   +   U.S. Marshals
Fax: 7088

From: (INS office address)   56269   004
Krome SPC,
18201 SW 12th Street,
Miami, Florida 33194
(305) 552-1845

Name of Alien:    De La Cruz-Jimenez, Rafael Daniel

Date of Birth:   4/10/1969    Nationality:   Dominican    Sex:   Male

You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:

☒ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached was served on _____ (Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ (Date)

☐ Deportation or removal from the United States has been ordered.

It is requested that you:

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays, and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling (305) 552-1845 during business hours or 305-552-1845 after hours in an emergency.

☒ Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience. ☒ Please return a signed copy via facsimile to 954-356-7948 (Area code and facsimile number)

Return fax to the attention of    P. Garcia    at    (954) 356-7790
(Name of INS officer handling case)      (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Service on _____

_____
(Signature of INS official)

Immigration Inspector
(Title of INS official)

07 1600

Receipt acknowledged: _____

Date of latest conviction: _____    Latest conviction charge: _____
Estimated Release date: _____

Signature and title of official: _____

**FILED**

SEP 24 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

★ Exhibit A1 ★

Rafael Daniel De La  Cruz-Jimenez
Secured Party/Creditor
In behalf of RAFAEL DANIEL DE LA CRUZ JIMENEZ
Reg. No. [56269-004]
U.S.P. CANAAN
P.O. BOX 300
WAYMART , PA [18472]

September 01, 2006

In Special Visitation
propria personam

Re:   **Entreaty  For Production of INS Detainer Served To
Rafael Daniel De La Cruz-Jimenez**

To:   All Team Members of  UNIT CLASSIFICATION TEAM For September
01th, 2006, USP CANAAN.

Your Undersigned Writer is the Secured Party / Creditor i-
dentified above and act in behalf of the  transmitting untility
and federal entity: RAFAEL DANIEL DE LA CRUZ JIMENEZ® Reg. No.
[56269-004].  I submitt this entreat in the nature of Letter Ro-
gatory  in exercise of my sovereign right to due process and to
be free from self-incrimination; for purpose of securing the cor-
responding duty for the procuction of any INS Detainer said Team
claim has been served  upon in personam.  Or, in the alternative
removed any reference of any INS Detainer as a means of adversely
affecting my status determination as requested in the attached
[INMATE REQUEST TO STAFF] form.  See: [INMATE REQUEST TO STAFF]
annexed hereto as Exhibit A and incorporated herein by reference.

Please take notice of the following authority:

Federal statue provides that in the case of an alien arrested
by a federal enforcement official for a violation of any law re-
lating to controlled substances the filing of an INS detainer with
a federal prison which negatively affected alien prisoners' securi-
ty level and thus the conditions of custody, did not violate due

process U.S.C.A. § 1252(a); also: 8 U.S.C.A. §1357(d).  In that a
alien under INS detainer is not under custody of the INS for habeas
corpus purposes and it does not violate the alien's right to due pro-
cess since the detainer expressly state that it is for **"notification"**
purposes only and did not limit federal authorities discretion re-
garding the alien offender. **Paulino v. Connery,** 766 F. Supp. 209 (S.
D.N.Y. 1991).

The INS's filing a detainer with the Bureau of Prisons could
not adversely affect  an alien's ability to move to a lesser se-
cure facility or to take advantage of other prison programs because
the relevant provisons of the INS did not restrict the discretion of
prison  officials with respect to security classifications and re-
lated  matters. **Limas v McNary,** 799 F. Supp. 1259 (D.Mass 1992).

It is provided by federal regulation that in order to issue a
detainer, serving notice to appear or taking custody of an alien,
the federal institutions requesting such action must provide the
documentary records and information that confirms the alien's
status in the United States or that may have an impact on con-
dictions of release.  8 C.F.R. § 287.7(c).

Respectfully  submitted,

Rafael Daniel De La Cruz Jimenez®                    oct 25,2006

Date: _Oct 25, 2006_

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98.

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| DeRoberto (Case Manager) | 11-09-06 |
| FROM: Rafael Daniel De La Cruz-Jimenez<br>In behalf of: DE LA CRUZ JIMENEZ | REGISTER NO.:<br>[56269-004] |
| WORK ASSIGNMENT:<br>Ordely | UNIT:<br>C-2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

-----

**See Attached!**

-----

(Do not write below this line)

DISPOSITION:

Currently, a detainer is lodged against you by the BUREAU of Immigration + Customs Enforcement (ICE). As policy dictates, near the end of your sentence you will have a hearing

**FILED**

| Signature Staff Member | Date | 07 1690    SEP 2 4 2007 |
|---|---|---|

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Rafael Daniel De La Cruz-Jimenez
Secured Party/Creditor
In behalf of RAFAEL DANIEL DE LA CRUZ JIMENEZ
Reg. No. [56269-004]
U.S.P. CANAAN
P.O. BOX 300
WAYMART, PA 18472

In Special Visitation
Propria Persona

Re:  Letter of Rogatory on INS Detainer to
     Rafael Daniel De La Cruz-Jimenez

To:  All Team Members of UNIT CLASSIFICATION TEAM for September
     1th, 2006, USP CANAAN.

     I notice that your record reflect that I have a Detainer pe-
nding against me, under the IAD Act I am entitled to a speedy di-
sposition. Under : Sellers v. Bureau of prison's. Your record is
not acurate on my detainer. I
I request that you removed this detainer because it effect my Se-
curity Custody Classification, and this is not a Detainer; it is
a "Notice of Action".

                              Sincerely,

                              Rafael Daniel De La Cruz Jimenez        oct 25, 2006
                              Rafael Daniel De La Cruz Jimenez
                              Secured Party/Creditor.

cc: file

# STATE OF FLORIDA UNIFORM COMMERCIAL CODE FINANCING STATEMENT FORM

FLORIDA SECURED TRANSACTION REGISTRY

## FILED

**2006 Jun 05 AM 12:00**

**\*\*\*\* 200602808233 \*\*\*\***

\*\*\*C \* 05170674649001-40.00\*\*\*31.00\*\*\*

**A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON**

**B. SEND ACKNOWLEDGEMENT TO:**

Name

Address — Rafael Daniel De La Cruz Jimenez

In care of: Post Office Box [300]

Address — Waymart, near [18472] Pennsylvania

City/State/Zip — USMS #: [56269-004] \*\*\*LEGAL MAIL\*\*\*

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (1a OR 1b) – Do Not Abbreviate or Combine Names**

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| RAFAEL DANIEL DE LA CRUZ JIMENEZ, ORGANIZATION/TRADE-NAME/TRADE-MARK-DEBTOR | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS 508 WEST, 171 STREET APT. 14 | CITY MANHATTAN | STATE NY | POSTAL CODE 10032 | COUNTRY USA |

| 1d. TAX ID# | REQUIRED ADD'L INFO RE: ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION ENS LEGIS/LLC | 1f. JURISDICTION OF ORGANIZATION INTERNATIONAL | 1g. ORGANIZATIONAL ID# ☐ NONE |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (2a OR 2b) – Do Not Abbreviate or Combine Names**

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| GABRIEL DE LA CRUZ HERRERA, ORGANIZATION/TRADE-NAME/TRADE-MARK/DEBTOR | | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS 508 WEST, 171 STREET APT. 14 | CITY MANHATTAN | STATE NY | POSTAL CODE 10032 | COUNTRY USA |

| 2d. TAX ID# | REQUIRED ADD'L INFO RE: ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION ENS LEGIS/LLC | 2f. JURISDICTION OF ORGANIZATION INTERNATIONAL | 2g. ORGANIZATIONAL ID# ☐ NONE |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – INSERT ONLY ONE SECURED PARTY NAME (3a OR 3b)**

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 3b. INDIVIDUAL'S LAST NAME De La Cruz | FIRST NAME Rafael | MIDDLE NAME Daniel | | SUFFIX |
| 3c. MAILING ADDRESS Non-assumpsit/TDC in care of:[508] West, [171] Street, Apt. [14] | CITY Manhattan | STATE NY | POSTAL CODE Near [10032]. | COUNTRY uSA |

**4. This FINANCING STATEMENT covers the following collateral:**

This is Actual and Constructive Notice that all of the Debtors' interest now held or hereafter acquired is hereby accepted for securing contractual obligation(s) in favor of the Secured Party as detailed in a true, correct, complete, notarized Security Agreement(s) annexed: JDC-041069-SA, JDC-041069-SA-0001, AND JDC-041069-SA-0002 in the possession of the Secured Party. NOTICE: In accordance with various UBC Sections- This is the entry of the Debtor in the Commercial Registry as a "Transmitting Utility" and the following property is hereby registered in the same as lawful public notice of a commercial transaction: Certificate of Birth; Debtors' Social Security Form SSA-3000 application(s); Debtors' Driver License(s); Debtors' Passport(s); Trade-name/Trade-mark; DARIEL DE LA CRUZ HERRERA0, SOCIAL SECURITY NUMBER; enclosed in Security Agreement Number (JDC-041069-0001) and any and all derivatives and variations in the spelling thereof, UCC Contract Trust Account Number(Pending); Trade-name/Trade-mark; GABRIEL DE LA CRUZ HERRERA0, SOCIAL SECURITY NUMBER; enclosed in Security Agreement Number (JDC-041069-SA), and any and all derivatives and variations in the spelling thereof, UCC Contract Trust Account Number (Pending): Trade-name/Trade-mark: RAFAEL DANIEL DE LA CRUZ0, SOCIAL SECURITY NUMBER; enclosed in Security Agreement Number (JDC-041069-SA-0002); and any and all derivatives and variations in the spelling thereof, UCC Contract Trust Account Number (Pending): UNITED STATES DISTRICT FOR THE SOUTHERN DISTRICT OF FLORIDA/ JUDGEMENT IN CRIMINAL CASE(s) NUMBER(07-60176-CR-WPD 05-60398-CV-WPD; All debentures, indentures, savings & checking accounts, pledges, None Pro Tunc, All Property is "Accepted For Value", Nunc Pro Tunc; and is Exempt from Levy. Adjustment of this filing is from Public Policy HJR- 192 Public Law § 73-10, and UCC §§§ 1-1-3, 1-104 and 10-104. Secured Party Accepts Debtors' Signature, to include all endorsements, facsimiles,copyrights, printed, typed or photocopies of "RECORD OWNER'S NAME AND TITLE." RECORD OWNER IS NOT GUARANTOR TO ANY OTHER ACCOUNT, BY EXPLICIT RESERVATION OF ALL RIGHTS, WITHOUT PREJUDICE, UCC § 1-207. TOTAL VALUE OF INSTRUMENTS: $3,000,000.00 (THREE MILLION US DOLLARS). TOTAL VALUE OF COLLATERAL IN SECURITY AGREEMENT(s): $100,000,000,000.00 (One Billion US Dollars).

**ALTERNATE DESIGNATION (if applicable)** ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR

☐ AG. LIEN  ☐ NON-UCC FILING  ☐ SELLER/BUYER

**Florida DOCUMENTARY STAMP TAX – YOU ARE REQUIRED TO CHECK EXACTLY ONE BOX**

☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.

☒ Florida Documentary Stamp Tax is not required.

**OPTIONAL FILER REFERENCE DATA**

Secured Party

STANDARD FORM - FORM UCC-1 (REV.12/2001) — Filing Office Copy — Approved by the Secretary of State, State of Florida

Federal Bureau of Prisons

| | |
|---|---|
| Number | 068-93  (5820) |
| Date | March 15, 1993. |
| Subject | Maintenance of Inmate Files |

# Operations Memorandum

Cancellation Date  March 15, 1994

1. **PURPOSE.**  The purpose of this Operations Memorandum is to advise Unit Team staff members of a recent case concerning staff response to a claim by an inmate that his central file contained incorrect information.

2. **BACKGROUND.**  In Sellers v. Bureau of Prisons, 959. F.2d 307 (D.C. Cir. 1992), the court held that the Bureau of Prisons must maintain accurate records of information which are capable of being verified.  The case involved an inmate who was challenging information in his file, including a presentence report reference to an alleged bank robbery. The inmate contended that the bank robbery charge had been dismissed, and that its inclusion in the presentence report had resulted in the denial of parole and adverse determinations regarding custody and security classifications, job and quarters assignments, and the opportunity to earn money and good time.  The Parole Commission had noted in the inmate's file that he disputed the information in his record; the Bureau of Prisons apparently maintained the challenged information in the record without comment, despite the fact that the probation officer had written a letter indicating that the charge had been dismissed.

The court held that if an agency willfully or intentionally fails to maintain accurate files, and those records then result in an adverse determination toward an individual, the agency will be liable for money damages.  The rule of the case is that "the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual." Sellers at 312.  The Sellers court held that an agency does not meet the requirements of the Privacy Act simply by noting that the information is disputed.  If the court were to find a willful or intentional failure to maintain accurate records, the agency could be liable for

*EXHIBIT A*

Page 2

money damages to the inmate. Because inmates from all over the country may file Privacy Act suits in the District of Columbia, the <u>Sellers</u> case will affect all of our institutions. A final determination has not yet been made in <u>Sellers</u> regarding whether the Bureau's actions will be considered willful or intentional and therefore result in the granting of monetary damages to the inmate. The procedures recommended below in this Operations Memorandum are intended to minimize the chances of such award resulting from future challenges.

3. <u>ACTION</u>. Unit team staff need to take reasonable steps to ensure the accuracy of challenged information in an inmate's central file, particularly when the information challenged can be verified. Initial reasonable steps include requiring specific action from the inmate, such as providing documents which support a challenge to the information in the files. The inmate can also be asked to provide the names of people to contact regarding the challenged information.

If an inmate is able to provide such information in support of a challenge, unit staff have a duty to investigate and to take steps to ensure the correction of any inaccuracies discovered. Once a determination can be made by Bureau staff that information in an inmate's central file is incorrect, that information must not be used by staff. For example, in a situation like <u>Sellers</u> where the inmate challenged the Presentence Report, unit staff should not change the report but should inform the probation officer that the report has been challenged. If the probation officer confirms that the information in the report is inaccurate, staff should insert a note to that effect in the file in order to ensure that no decisions affecting the inmate are based on the discredited information. Staff should also request an updated Presentence Report from the probation officer. These procedures will be incorporated into the Central File Program Statement at the next annual review.

Patrick R. Kane
Assistant Director
Correctional Programs
Division

Wallace H. Cheney
Assistant Director
Office of General Counsel

W. Foster Sellers, appellant v. Bureau of Prisons, et al., appellees
UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT
952 F.2d 1423; 1992 U.S. App. LEXIS 266
No. 90-5197
January 14, 1992, Decided

## Editorial Information: Subsequent History

Rehearing granted March 27, 1992; Reported at 1992 U.S. App. LEXIS 5659.

Vacated March 27, 1992; Substituted Opinion of March 27, 1992, Reported at 1992 U.S. App. LEXIS 5369.

## Editorial Information: Prior History

Appeal from the United States District Court for the District of Columbia.

**Counsel**        *Julie M. Carpenter* (appointed by the Court) with whom *David W. DeBruin* was on the brief, for amicus curiae urging that the judgment of the District Court be reversed. *W. Foster Sellers, pro se,* also entered an appearance for appellant.
                    *William J. Dempster,* Assistant United States Attorney, with whom *Jay B. Stephens,* United States Attorney, *John D. Bates* and *R. Craig Lawrence,* Assistant United States Attorneys were on the brief, for appellees.

**Judges:** Before: Mikva, Chief Judge, Wald and Buckley, Circuit Judges. Opinion for the Court filed by Chief Judge Mikva.

## Opinion

**Opinion by:**        MIKVA

{952 F.2d 1424} Mikva, *Chief Judge*: Appellant, W. Foster Sellers, filed an action under the Privacy Act against the Bureau of Prisons and the Parole Commission claiming that the agencies maintained incorrect information in his inmate files. Contending that the agencies violated sections (e)(5), (g)(1)(C), and (g)(4) of the Act by using the incorrect information in determinations adverse to him, Mr. Sellers sought amendment of his records and money damages. Relying on this Court's decision in *Doe v. United States,* 821 F.2d 694, 701 (D.C. Cir. 1987), the United States District Court for the District of Columbia granted appellees' motion for summary judgment, holding that the agencies satisfied the requirements of the Privacy Act simply by noting in Mr. Sellers's prison records that he disputed the information contained in the records. We reverse the district court and remand for further consideration of Mr. Sellers's claims. The agencies do not meet the Act's requirements by indicating that the appellant disputes the information in his prison files. The agencies and the court below must review *de novo* the allegedly erroneous information contained in Mr. Sellers's files to determine whether it is correct.

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

*II. CONCLUSION*

*Mr. Sellers is entitled, under the Privacy Act, to a de novo* review of his records *both* at the Parole Commission and the Bureau of Prisons to determine whether the challenged information is correct. Then, if he can show that the agencies wilfully or intentionally failed to properly maintain their records and, as a result, made determinations adverse to him, he has stated a claim under sections (e)(5), (g)(1)(C), and (g)(4) of the Privacy Act and is entitled to money damages. We reverse, therefore, and remand to the district court for further consideration of Mr. Sellers's claims consistent with this opinion.

*So Ordered.*

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

File No: A - 79 442 849    A-3

Date: 8/7/2002

TO (Name and title of institution)

U.S Customs + U.S. Marshals
Fax: 7088

From: (INS office address)    56269 004
Krome SPC,
18201 SW 12th Street,
Miami, Florida 33194
(305) 552-1845

Name of Alien: De La Cruz-Jimenez, Rafael Daniel

Date of Birth: 4/10/1969    Nationality: Dominican    Sex: Male

You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:

☒ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached was served on

_____ (Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____

☐ Deportation or removal from the United States has been ordered. _____ (Date)

It is requested that you:

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays, and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling (305) 552-1845 during business hours or 305-552-1345 after hours in an emergency.

☒ Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience. ☒ Please return a signed copy via facsimile to 954-386-7948 (Area code and facsimile number).

Return fax to the attention of ____ P. Garcia ____ at ____ (954) 356-7790 ____
                                (Name of INS officer handling case)         (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Service on _____

_____          _____
(Signature of INS official)                Immigration Inspector
                                           (Title of INS official)

Receipt acknowledged: _____

Date of latest conviction: _____
Estimated Release date: _____    Latest conviction charge: _____

Signature and title of official: _____

Form I-247    (Rev.4-1-97) N

```
   CAA2I  607.00  *      MALE CUSTODY CLASSIFICATION FORM      *      10-24-2006
 PAGE 001 OF 001                                                      13:41:34
        REGNO: 56269-004              FORM DATE: 10-24-2006                ORG: CAA
 (A) NAME....: DE LA CRUZ-JIMENEZ     RAFAEL
 DES FACL/LEV: CAA       /MEDIUM      MGTV: NONE
 PUBSFTY: SENT LGTH                   MVED:
 (B) DETAINER: (0) NONE               SEVERITY.......: (3) MODERATE
 MOS REL.....: 263                    CRIM HIST SCORE: (00) 0 POINTS
 ESCAPES.....: (0) NONE               VIOLENCE.......: (0) NONE
 VOL SURR....: (0) N/A                AGE CATEGORY...: (2) 36 THROUGH 54
 EDUC LEV....: (0) VERFD HS DEGREE/GED DRUG/ALC ABUSE.: (0) NEVER/>5YR
 (C) TIME SERVED.....: (3) 0-25%      PROG PARTICIPAT: (0) POOR
 LIVING SKILLS.......: (1) AVERAGE    TYPE DISCIP RPT: (3A) 1 MOD
 FREQ DISCIP REPORT..: (2) 1          FAMILY/COMMUN..: (4) GOOD
 ==================== LEVEL AND CUSTODY SUMMARY  =========================
 BASE  CUST  VARIANCE   SEC TOTAL   SCORED LEV MGMT SEC LEVEL   CUSTODY  CONSIDER
  +5    +13    +1         +5        MEDIUM     N/A                 IN     INCREASE
 (D) TYPE REVIEW ·  NEW CUSTODY     APPROVED:____YES /  NO  NEXT REVIEW: NO/07
      REGULAR        ___MAX
    /EXCEPTION       ___IN     CHAIRPERSON SIGNATURE...
                     ___OUT    WARDEN/DESIGNEE SIGNATURE
                     ___COM      FOR EXCEPTION REVIEW:_____
```

*handwritten:* "mnti." custody does not need to be applied - he can be controlled w/ "IN" custody

REASON(S) FOR NOT FOLLOWING FORM'S RECOMMENDATION:

```
COPY: CENTRAL FILE, SECTION TWO
      INMATE


G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
CAA2I           *        PROGRAM REVIEW REPORT           *      10-24-2006
PAGE 001                                                         16:27:00
```

INSTITUTION: CAA  CANAAN USP

NAME.......: DE LA CRUZ-JIMENEZ, RAFAEL
RESIDENCE..: DEL OSAMA, DR                      REG. NO: 56269-004

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....: ~~4/07~~

PROJ. RELEASE DATE..: 09-25-2028
PAROLE HEARING DATE.: NONE                  RELEASE METHOD.: GCT REL
                                            HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: *10/07*        DETAINERS (Y/N): Y

CIM STATUS (Y/N)....: N          IF YES, RECONCILED (Y/N): _____

PENDING CHARGES.....: *ICE Detn*

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N)....:
    IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

```
CATEGORY                    - - - CURRENT ASSIGNMENT - - - - - - -  EFF DATE    TIME
CMA      IHP PEND (HOLD)      IMMIG FUTURE IHP PART DATE          07-24-2003    1832
CMA      PROG RPT             NEXT PROGRESS REPORT DUE DATE       08-01-2008    0934
CMA      RPP INELIG           RELEASE PREP PGM INELIGIBLE         03-25-2006    1518
CMA      V94 CDA913           V94 CURR DRG TRAF ON/AFT 91394      06-07-2003    1327
CUS      IN                   IN CUSTODY                          02-20-2003    1627
DRG      DRG I NONE           NO DRUG INTERVIEW REQUIRED          06-07-2003    1326
EDI      ESL HAS              ENGLISH PROFICIENT                  12-08-2003    1011
EDI      GED HAS              COMPLETED GED OR HS DIPLOMA         07-12-2004    1228
FRP      COMPLT               FINANC RESP-COMPLETED               05-05-2004    1026
LEV      MEDIUM               SECURITY CLASSIFICATION MEDIUM      03-03-2003    1020
MDS      REG DUTY             NO MEDICAL RESTR--REGULAR DUTY      06-30-2005    1705
MDS      YES F/S              CLEARED FOR FOOD SERVICE            10-20-2005    1407
QTR      C04-215L             HOUSE C/RANGE 04/BED 215L           05-17-2006    1338
RLG      PROTESTANT           PROTESTANT                          03-23-2005    1357
WRK      C2 ORD PM            C2 UNIT ORDERLY                     05-18-2006    0001
```

WORK PERFORMANCE RATING: _____ *good*_____

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: *NO/NE*

FRP PLAN/PROGRESS:   TRUST FUND DEPOSITS PAST 6 MO: $_____

FRP PAYMENTS PAST 6 MO: $_____ *COMPLET* OBLG BALANCE $____

CURRENT FRP PLAN: $_____ PAYMENTS COMMENSURATE: YES ____ / NO ____

CAA2I                    *        PROGRAM REVIEW REPORT            *        10-24-2006
PAGE 002                                                                    16:27:00

IF NO, NEW PAYMENT PLAN: _____

_____

_____

RELEASE PREPARATION PARTICIPATION: *ineligible*_____

_____

_____

CCC RECOMMENDATION: *N/A - ICC Date*_____

PROGRESS MADE SINCE LAST REVIEW: *No edc. enrollments*_____

_____

GOALS FOR NEXT PROGRAM REVIEW MEETING: *Recr. in either ACE/*_____

*Parenting/wellness/VT or PSE by 3/25/07*_____

_____

_____

_____

LONG TERM GOALS: _____

*re-enroll edc/recr./counseling —*_____

*coop. new by*_____

*10/07*_____

```
  CAA2I           *        PROGRAM REVIEW REPORT              *      10-24-2006
PAGE 003 OF 003                                                      16:27:00
```

OTHER INMATE REQUESTS/TEAM ACTIONS: _____

_____ provided paperwork _____

_____ re: ICC Detn _____

_____

_____

_____

SIGNATURES:

UNIT MANAGER: _____    INMATE: _____
                                                 under 12-07. All Right Reserved
    DATE: _____                     without prejudice

                                         DATE: 10-25-06 _____

Rafael Daniel De La Cruz-Jimenez
sui juris/Secured Party
In behalf of RAFAEL DANIEL DE LA CRUZ JIMENEZ
Register. no. [56269-004]
U.S.P. CANAAN
WAYMART, near [18472]
Pennsylvaina

In special visitiation
propria persona

December 18, 2006


**To:** P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street
Miami, Florida 33194
(305) 552-2845


<u>**Subject**</u>: **Writ of Inquiry in the nature of Quo Warranto for a determination of whether ICE detainer issued as letter of interest against *ens legis* RAFAEL DANIEL DE LA CRUZ JIMENEZ or a demand made by ICE upon detainer warrant that claim the right to take *natural person* Rafael Daniel De La Cruz-Jimenez, sui juris/Secured Party, into custody in the future and ask the Warehouseman to hold a petitioner for that purpose.**

Dear ICE Agent Garcia :

In regards to the above stated subject the Undersigned herein, Rafael Daniel De La Cruz-Jimenez, sui juris/Secured Party, (hereinafter "undersigned") was informed by USP Case Manager, doing business as a Keeper of chattels and goods for others, that one "P. Garcia" ICE Official/Agent lodged an ICE detainer; but, not the nature of same. Therefore the undersigned herewith exercise his sovereign right to remedy at law via the ancient writ of quo warranto; to inquiry as follow:

A) The undersigned herewith to P. Garcia **Inquire in the nature of Quo Warranto** demand information establishing by what federal jurisdiciton according to the constitution and laws of the land is the undersigned being held against his will in the UNITED STATES OF AMERICA that gives rise to ICE's legal exercise of the issuance of the above stated detainer?

B) The undersigned herewith to P. Garcia **Inquire in the nature of Quo Warranto**

**07 1690**

**FILED**

SEP 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

demand information establishing what is the nature of said detainer: is it a warrant from ICE to hold undersidgned as a natural person convicted of a crime under the Constitution and laws of the United States in accords with due process proceeding including but not limited to, right and madatory clear corresponding duty owed undersign under the **Vienna Convention on Consular Relations**, Apr. 24, 1963, [1970] 21 U. S. T. 77, 100-101, T. I. A. S. No. 6820, to notice and grant access to consulor pursuant to Article 36 without regard to procedural default doctrines; or is it, the detainer, a notice to the Warehouseman?

C) The undersigned herewith to P. Garcia **Inquire in the nature of Quo Warranto** demand information establishing against whom: the **natural person or *ens legis***, you issued said warrant or notice of detainer; in that the undersigned has been and continues to be held against his will as warehoused surety for corporation fiction person: **RAFAEL DANIEL DE LA CRUZ JIMENEZ**, as defined at **21 USC § § 321(e) *to wit***: [t]he term "person" includes individual, partnership, corporation, and association, and the undersigned is entitled to the duty of full disclosure of all lilability?

The reasons for this inquiry are as follow.

1. Undersigned entered North America under a lawful visa; he was ex parte seized by unidentified agents under judgment decree of a federal United States District Court of record on August 7, 2002, and is currently detained and compelled under threats, duress, and coercion without his consent and against his will to perform under suretyship to answer for the debt, default, or miscarriage of another, **50 Am J1st Suret §§ 2, 3,** by Warden Lindsay Cameran, doing business as, a Warehousman, **56 Am J1st Wareh § 2,** who receives and stores natural persons seized and stored in warehouses under ex parte judgment of United States District Courts as debt surety, *i.e.,* **1. UCC § 1 -- 201(40),** and chattles **42 Am J1st Prop § 24** (" Property which is movable" ) of others as a business at USP Canaan near [18472] Pennsylvaina.

2. The Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, transferred the immigration enforcement functions of the Commissioner of Immigration and Naturalization (or any officer, employee, or component of the Immigration and Naturalization Service ("INS")) to the Secretary of Homeland Security. As of March 1, 2003, the INS ceased to exist and its functions were transferred to the Department of Homeland Security. The former INS's enforcement, detention, and removal functions are within the responsibility of the Bureau of Immigration and Customs Enforcement (hereinafter "ICE").

3. An ICE detainer: serves to advise another law enforcement agency that the [Immigration and Naturalization] Service seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Service, prior to release of the alien, in order for the Service to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible. **8 C.F.R. § 287.7(a)** 2005 U.S. Dist. LEXIS 22646:: **Khaliq v. Brown**::September 29, 2005, Decided

4. In **Vargas v. Swan**, 854 F.2d 1028 (7th Cir. 1988) , the Seventh Circuit analyzed circumstances under which an INS detainer satisfies the "in custody" requirement. Vargas, a Mariel Cuban incarcerated by the State of Wisconsin, filed a habeas petition challenging an INS detainer. Id. at 1029 . The detainer sought notice of Vargas's pending release date at least 30 days in advance but was accompanied by neither a warrant of arrest nor an order to show cause. Id. at 1030. Declining to "take the detainer label affixed here and rotely match it up with cases labeled detainer cases," the Seventh Circuit considered "the effect of the INS's action and whether it restrain[ed] Vargas to the extent found sufficient to establish custody in other detainer cases." Id.   Based on **Braden v. 30th Jud'l Circ. Ct. of Ky.,** 410 U.S. 484, 489 n.2, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) , **Moody v. Daggett**, 429 U.S. 78, 80-81 n.2, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976) , and **Preiser v. Rodriguez,** 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) , the Seventh Circuit concluded that "an action that has as part of its effect the 'holding' of a prisoner for a future custodian who has evidenced an intent to retake or to decide the prisoner's future status at the end of his or her current confinement serves to establish custody for habeas purposes." Id. at 1032 . Because the INS failed to place sufficient evidence in the record to establish the effect of the INS detainer, however, the Seventh Circuit remanded for a determination whether the prison treated the INS detainer as a request for a "hold" or only as a request for notice. Id. at 1033.

5. According to DeRoberto, dba Keeper, "Currently a detainer is lodged against you by the Bureau of Immigration & Customs Enforcement (ICE). As policy dictates, near the end of your sentence you will have a hearing". See: handwritten presentment serving and evidencing ICE detainer from USP Canaan Staff Member DeRoberto annexed hereto as **Exhibit A** and incorporated herein by reference.   As evidenced by **Exhibit A,** @ page 2, the undersigned sent an entreaty "For Production of INS Detainer Served To Rafael Daniel De La Cruz-Jimenez"; forwhich said DeRoberto failed to respond in according with the specific performance of the Entreaty. As a result his service of P. Garcia's ICE detainer, as presented at **Exhibit A,** is absent any disclosure of  the subject of your ICE warrant or purpose that afford the undersigned due process notice and protections from being forcibly held and detained in the United States without his consent.

6. The undersigned has never been notice nor served a bill, complaint, or indictment stating the federal subject matter jurisdiction of the United States District Court to entertain an original action against *natural person* Rafael Daniel De La Cruz-Jimenez, sui juris and secured party; a statement of jurisdiction by the UNITED STATES OF AMERICA [*sic*] in its accusation #02-60176-CR-WPD or any other disclosure or due process notice of  a federal question, federal right, or any federal cause of action for original jurisdiction of the United States District Court to entertain *ab initio* accusation #02-60176-CR-WPD.

# CAVEAT

P. Garcia in your official capacity as issuing ICE Official originating the aforegoing "detainer" as evidenced by USP Canaan's keepers at **Exhibit A** your oath of office, duty under the Constitution and laws of the United States, and superior knowledge of the Constitution, treaties, and laws of the United States require you provide the undersigned such due process determination of the nature of your instrument, "detainer", to lawfully provide notice to undersigned of any liability attached to him therefrom. Because application of ICE procedure must be deemed to apply to a particular federal jurisdiciton only if not impermissibly exercise without constitutional and judicial authority.

Please understand that I have had no dealing with the United States District Court nor consented to suretyship for the aforementioned *ens legis*; therefore this is my good faith effort at private remedy for full disclosure and due process notice of your cause of action. Accordingly, I remain;

Rafael Daniel De-La Cruz-Jimenez
sui juris/Secured Party
In behalf of RAFAEL DANIEL DE LA CRUZ JIMENEZ
Register. no. [56269-004]
U.S.P. CANAAN
WAYMART, near [18472]
Pennsylvaina

In special visitiation
propria persona

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Erin Richardson, Notary Public
Canaan Twp., Wayne County
My Commission Expires Oct. 19, 2008
Member, Pennsylvania Association of Notaries

Erin Richardson

## AFFIDAVIT OF Rafael Daniel De La Cruz-Jimenez

State of Pennsylvania          )
County of Wanye                )

On ___27th___ day of, _December 2006_ Rafael Daniel De La Cruz-Jimenez personally appeared before me, the Notary Public whose signature appears below. Rafael Daniel De La Cruz-Jimenez submitted the following under affirmation:

1. My name is Rafael Daniel De La Cruz-Jimenez. I am over 18 years of age and I am personally familiar with the facts stated in this:

**Writ of Inquiry in the nature of Quo Warranto for a determination of whether ICE detainer issued as letter of interest against _ens legis_ RAFAEL DANIEL DE LA CRUZ JIMENEZ or a demand made by ICE upon detainer warrant that claim the right to take _natural person_ Rafael Daniel De La Cruz-Jimenez, sui juris/Secured Party, into custody in the future and ask the Warehouseman to hold a petitioner for that purpose.**

which is not submitted for purpose of fraud, injustice, delay, and if called to testify as a witness is this matter, I could and would competently testify to the facts set out in this affidavit.

SUBSCRIBED AND SWORN TO BEFORE ME on _December 27, 2006_ [date]
at_____

[Notary's seal]

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Erin Richardson, Notary Public
Canaan Twp., Wayne County
My Commission Expires Oct. 19, 2008
Member, Pennsylvania Association of Notaries

_Erin Richardson_ [notary's signature]
_Erin Richardson_ [typed name]
Notary Public in and for
the State of _Pennsylvania_
My commission expires
_10/19/08_ [date].

U.S. Postal Service
CERTIFIED MAIL... RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | 1.21 | 04/3 |
| Certified Fee | 2.40 | |
| Return Receipt Fee (Endorsement Required) | 1.65 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | 5.5¼ PM | |

7003 2260 0005 6520 8712

Dec 27, 2006

Sent To P. Garcia, ICE Agent (Krome SPC)
Street, Apt. No.; or PO Box No. 18201 SW 12th street
City, State, ZIP+4 Miami, Florida, 33194

PS Form 3800, June 2002                See Reverse for Instructions

---

7003 2260 0005 6520 8712

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street
Miami, Florida 33194

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [illegible]    ☐ Agent    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery 01/03/07

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☑ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7003 2260 0005 6520 8712    2

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE    ICE

Inquire in the nature of
quo warranto

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Rafael Daniel De La Cruz Jimenez
Reg.No.[56269-004], C-2
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472

December 27, 2006

Received on 1/8/7

B099

Rafael Daniel De La Cruz-Jimenez
sui juris/Secured Party
In behalf of **RAFAEL DANIEL DE LA CRUZ JIMENEZ**
Register No.[562669-004]
U.S.P. CANAAN
P.O. BOX [300]
WAYMART, near [18472]
Pennsylvania


In special visitation
propria persona

January 4, 2007


To: P. Garcia, ICE Agent
    Krome SPC
    18201 SW 12th Street
    Miami, Florida 33194
    (305) 552-2845


# Re: Notice of Fault and Opportunity to Cure


Dear ICE Agent Garcia


On <u>December 27, 2006</u>. the Undersigned caused to be
served on you an Inquiry in the nature of Quo Warranto for a determination of
whether ICE detainer issued as letter of interest against *ens legis* RAFAEL DANIEL
DE LA CRUZ JIMENEZ or a demand made by ICE upon detainer warrant that claim
the right to take *natural person* Rafael Daniel De La Cruz-Jimenez, sui juris/Secured
Party, into custody in the future and ask the Warehouseman to hold a petitioner for
that purpose.

You have refused or failed to answer that Inquiry in disclosing
your lawful cause to stigmatize and subject the Undersigned to punitive
detainment, and duty to provide due process.This is your failure or
continued refusal to provide the clear mandatory duty corresponding to
exercise of my right to due process will result in a certificate of
default isuing that is legal evidence of your unlawful acts against me
and resulty tort.

**07 1690**

Please be informed you have ten(10) days to provide your clear
mandatory duty corresponding to my right exercise with the aforesaid
Inquiry in the nature of Quo Warranto; failure or refusal will result


Notice of Fault and Notice to Cure          1 of 2

**FILED**

SEP 2 4 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

in default, and certificate of default in accordance with these notice and affidavit herein.

Thanking you in advance for your service.

Sincerely,

Rafael Daniel De La Cruz Jimenez®
Secured Party/Creditor.

## AFFIDAVIT OF Rafael Daniel De La Cruz-Jimenez

State of Pennsylvania )
County of Wanye )

On _Febuary_ day of, _15   2007_ Rafael Daniel De La Cruz-Jimenez, personally appeared before me, the Notary Public whose signature appears below. Rafael Daniel De La Cruz-Jimenez submitted the following under affirmation:

1. My name is Rafael Daniel De La Cruz-Jimenez. I am over 18 years of age and I am personally familiar with the facts stated in this:

**Writ of Inquiry in the nature of Quo Warranto for a determination of whether ICE detainer issued as letter of interest against _ens legis_ RAFAEL DANIEL DE LA CRUZ JIMENEZ or a demand made by ICE upon detainer warrant that claim the right to take _natural person_ Rafael Daniel De La Cruz-Jimenez, sui juris/Secured Party, into custody in the future and ask the Warehouseman to hold a petitioner for that purpose.**

which is not submitted for purpose of fraud, injustice, delay, and if called to testify as a witness is this matter, I could and would competently testify to the facts set out in this affidavit.

SUBSCRIBED AND SWORN TO BEFORE ME on _February 15, 2007_ [date] at _____

[Notary's seal]

_Erin Richardson_ [notary's signature]

_Erin Richardson_ [typed name]
Notary Public in and for
the State of _Pennsylvania_.
My commission expires
_10/19/08_ [date].

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Erin Richardson, Notary Public
Canaan Twp., Wayne County
My Commission Expires Oct. 19, 2008
Member, Pennsylvania Association of Notaries

## U.S. Postal Service
## CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

Rafael De La Cruz #56269 064 EC-2

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

**Sent To** P. Garcia, ICE Agent (Krome SPC)
**Street, Apt. No.; or PO Box No.** 18201 SW 12th Street
**City, State, ZIP+4** Miami, Florida 33194

PS Form 3800, June 2002          See Reverse for Instructions

7003 2260 0005 6520 8743

**CERTIFIED MAIL**

7003 2260 0005 6520 8743

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street
Miami, Florida 33194

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                ☐ Agent
                                 ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7003 2260 0005 6520 8743

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

Notice of Fault an

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Rafael Daniel De La Cruz Jimenez
Reg.No.[56269-004], C-2
U.S.P. Canaan
P.O. Box 300
Waymart,PA 18472

February 8, 2007



Notice of fault and opportunity to cure

Rafael Daniel De La Cruz-Jimenez, Secured Party
sui juris/ Secured Party
in behalf of: **RAFAEL DANIEL DE LA CRUZ JIMENEZ**
Reg.No. [56269-004]
United States Penitentiary Canaan/CCA
In care of: Post Office Box [300]
Waymart, near [18472] Pennsylvania
RAFAEL DANIEL DE LA CRUZ JIMENEZ


P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street
Miami, Florida 33194
(305) 552-2845

Exhibit E

February 8, 2007


### NOTICE OF DEFAULT AND ASSENT, DEMAND, and NOTICE OF ESTOPPEL

_____day of the _____month, in the year two thousand and seven, ano Domini.

RE: **Inquiry in the nature of Quo Warranto for determination of whether ICE detainer issued.**


### NOTICE OF DEFAULT

On the <u>18th</u> day of the December month, in the year of our Lord two thousand and six you received from Rafael Daniel De La Cruz-Jimenez, presenter, an **Inquiry in the nature of Quo Warranto for determination of whether ICE detainer issued**. Respondent did not invoked the Fixth and Sixth Amendment's of the Constitution for the United States of America. However, Respondent is under a clear and mandatory duty to provide full desclosare of any arost detainer or other acusation against me or my property. **See** also; Public Law Rep. No. 91-1018, p 2 (1970); S: Rep. No. 91-13j6, p 2 (1970) and U.C.C. 1-103.6, as administrative demands were made, with **NOTICE, DEMAND AND CAVEAT, PRIOR TO RESPONSE.** See attachements.

07 1690

DEMAND was respectfully made to the named individual(s) <u>P. Garcia, ICE Agent</u>, to provide DISCLOSURE regarding his/her actions.

**FILED**

SEP 2 4 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

1 of 2

Said named individual(s) **FAILED TO RESPOND** and/or **FAILED** to provide **ANY** information or disclosure documents required by **LAW,** and demanded by the respondents notice and questions.

By failure to do so, **NOW** and **FOREVER** each Respondent and their offices have yield to **ESTOPPEL.,** Waiver, Fraud, etc., under U.C.C. 1-103, 1-103.6 nemo debt bis vexari pro una et eadem Causa, and such willful refusal may subject each Respondent to Civil Liabilities or Criminal punishment.

**EACH RESPONDENT IS NOTICE AND DEMAND:** To disit and refrain from taking any further action in the above referenced matter without liability therefore (cf. liability for personal damages, **Pulliam v. Allen, 104 set.1970, 1979)** except to restore the Secured Party to his/her former status, and that I have secured rights, privileges, privacy and immunities and each is so protected is valued at no less than One Million Dollars each, DEMAND IS FURTHER MADE to all governmental officials to protect me, and mine in my peaceful exercise or enyoyment of my rights, privileges, privacy, immunities, etc., (cf. Title 18 USC 241 142; Title 41 USC, 1983, **Bivins v. US Officials and Agents,** 403 US 388 (1971), Dykes v. Hosemann, 743 F2d 1488, (11 CA Dec. 1984).

**NOTICE OF LIEN:** Violation and/or invasion of any above denominated rights per violative, shall act as a lien upon the nonexempt property of each presentee as follows: Nonexempt household goods; and real estate; and future earnings; and other personal property.

**VERIFICATION:** I verify that a true copy of this Notice of Default, and Demand, was duly served upon the before named individual at the offices before stated via CERTIFIED MAIL RETURN RECEIPT No. 7006 0100 0004 3742 8929___, and that I am competent to testify in the matters herein stated; that I have personal knowledge of all of the facts which relate to this service and the above named response on the record; that the allegations stated herein are true and correct in entirety to be best of my Knowledge, belief and upon information, under penalty of perjury.

Sealed this _13th_ day of the _March_ month, in the Year of Our Lord Two thousand and seven.

Affiant: Rafael Daniel De La Cruz-Jimenez invoking U.C.C. 1-308 Without Prejudice.

SUBSCRIBED AND SWORN TO BE BEFORE ME ON _3-13-07_____ [date]
At_____

[Notary's Seal]                     _Erin Richardson_ [notary' signature]
                                    _Erin Richardson_ [typed named]

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal                       Notary Public in and for
Erin Richardson, Notary Public
Canaan Twp., Wayne County           the State of _Pennsylvania_.
My Commission Expires Oct. 19, 2008
Member, Pennsylvania Association of Notaries    My commission expires
                                    _10-19-08_ [date].

2 of 2

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Rafael D. De la Cruz#56269-004,C-2

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

March 13, 07

Sent To
P. Garcia, ICE Agent
Street, Apt. No.; or PO Box No.
Krome SPC,18201 SW 12th St,
City, State, ZIP+4
Miami, Florida 33194

PS Form 3800, June 2002                    See Reverse for Instructions

7006 0100 0004 3742 8929

---

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street,
Miami, Florida 33194

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7006 0100 0004 3742 8929

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

NOTICE OF FAULT AND ASSENT DEMAND, and NOTICE OF ESTOPPEL

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Rafael Daniel De La Cruz-Jimenez
Reg.No.[56269-004],C-2
United States Penitentiary Canaan/CCA
In care of: Post Office Box [300]
Waymart, near [18472] Pennsylvania
RAFAEL DANIEL DE LA CRUZ JIMENEZ   TRADE-NAME

March 13, 2007

From: Rafael Daniel De La Cruz-Jimenez®
      sui juris/Secured Party
      In bahalf of: RAFAEL DANIEL DE LA CRUZ JIMENEZ®
      Reg.No. [56269-004]
      United States Penitentiary Canaan/CCA
      In care of: Post Office Box [300]
      Waymart, near [18472] Pennsylvania
      RAFAEL DANIEL DE LA CRUZ JIMENEZ® TRADE-NAME

To: P. Garcia, ICE Agent
    Krome SPC
    18201 SW 12th Street
    Miami, Florida 33194
    (305) 552-2845

Exhibit E

April 16, 2007

CERTIFICATE OF DEFAULT

_____day of the_____month, in the year two thousand and seven,
ano Domini.

CERTIFICATE OF DEFAULT

It is hereby certified that on this February 8, 2007, that P. Garcia,
ICE Agent, Krome SPC, the above address, having received on
December 18, 2006, a "Writ of Inquiry in the nature of Quo Warranto
for a determination of whether ICE detainer issued as letter of
interest against ens legis RAFAEL DANIEL DE LA CRUZ JIMENEZ or a
demand made by ICE upon detainer warrant that claim the right to
take natural person Rafael Daniel De La Cruz-Jimenez, sui juris/
Secured Party, into custody in the future and ask the Warehouseman
to hold a petitioner for that purpose. By certified mail, to wit:
return receipt #7003 2260 0005 6520 8712, and obligated under a
clear mandatory purely ministerial duty owe the undersigned as his



right to substantive due process exercised evidenced via service
of the aforesaid **Writ of Inquiry**; accordingly, having been
noticed of this **Fault**, and given an **Opportunity to Cure**, to wit:
"**Notice of Fault and Opportunity Cure**" serviced via certified mail
on February 26, 2007, return receipt # 7003 2260 0005 6520 8743,
and having by indefference and/or refused failed to Cure said
Fault; this Certificate of Default issue as legal evidence susta-
ining your **Tacit Aggreement** and **Aggreed in to** "**Notice of Default
and Assent, Demand, and Notice of Estoppel**" served on P. Garcia,
ICE Agent, Krome SPC, to address above, by certified mail served
March 19, 2007,  to wit: via return receipt # 7006 0100 0004 3742
8929.

VERIFICATION: I verify that a true copy of this Certificate of
Default, was duly served upon the before named individual at the
offices before stated via CERTIFIED MAIL AND RETURN RECEIPT No.
7006 0100 0004 3742 9049     , and that I am competent to testify
in the matters herein stated; that I have personal knowledge of all
of the facts which relate to this service and the above named
response on the record; that the allegations stated herein are true
and correct in entirety to be best of my knowledge, belief and upon
information, under penalty of perjury.

Sealed this 17th day of the April month, in the Year of Our Lord
Two thousand and seven.

Affiant: _Rafael David Albaujuwe_ , invoking U.C.C. 1-308
Without Prejudice.

SUBSCRIBED AND SWORN TO BE BERORE ME ON April 17, 2007 [date]
At_____

[Notary's Seal]

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Erin Richardson, Notary Public
Canaan Twp., Wayne County
My Commission Expires Oct. 18, 2008
Member, Pennsylvania Association of Notaries

_Erin Richardson_ [notary's Signature]

_Erin Richardson_ [typed named]
Notary Public in and for the State of
Pennsylvania
my commission expires
10-19-08     [date]

1 of 2

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Rafael De La Cruz,#56269-004,C-2

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

April 16,07

Sent To P.Garcia, ICE Agent(Krome SPC)
Street, Apt. No.; or PO Box No. 18201 SW 12th Street
City, State, ZIP+4 Miami, Florida 33194

PS Form 3800, June 2002 See Reverse for Instructions

7006 0100 0004 3742 9049

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

7006 0100 0004 3742 9049

7006 0100 0004 3742 9049

---

7006 0100 0004 3742 9049

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street
Miami, Florida 33194

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7006 0100 0004 3742 9049

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

Certificate of Default
April 16, 2006 for Detainer

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Rafael Daniel De La Cruz-Jimenez®
Reg.No. [56269-004], C-2
United States Penitentiary Canaan/CCA
In care of: Post Office Box [300]
Waymart, near [18472] Pennsylvania
RAFAEL DANIEL DE LA CRUZ JIMENEZ®

April 16, 2007

Rafael Daniel De La Cruz-Jimenez
sui juris/Secured Party
In behalf of: **RAFAEL DANIEL DE LA CRUZ JIMENEZ**
Register No.[56269-004]
United States Penitentiary Canaan
in care of: Post Office Box [300]
Waymart, near [18472] Pennsylvania

_Exhibit F_

Cameron Lindsay, Warden
United States Penitentiary Canaan
P.O. Box [400]
Waymart, near [18472] Pennsylvania

March 5, 2007

Re: __Proof of Claim__

Dear Warden:

   The Undersigned is aggrieved by the Unit Team for C-2 Dorm-
thereby denied access to the court for my freedom and liberty. Said
Unit Team is willfully or intentionally refusing to mantain accura-
te files, to wit: a bald assertion that there is a detainer lodge
against me; when at fact no detainer have been served on me. for
result:

1) Being denied access to the courts to exercise my right to cha-
llenge said detainer for denied of due process.

   The facts of this matter are as follows:

1) During the month of **November Unit Team Member, DeRoberto** responded
to a Cop-out, I filed seeking any and all restrained upon me written
Bureau of Prison records mantained by Unit Team. and stated there is
a **"Detainer lodged against [me]"**. **See " Cop- out"** [Immate Request to
Staff] attached hereto as **Exhibit A** and incorporated herein by refe-
rence.

2) I've recently learned that an "Operation Memorandun" supported my
**"Sellers"** argument in aforesaid Cop-out. **See Operations Memorandum**
attached hereto as **Exhibit B** and incorporated fully herein by refere-
nce.

3) I therefore, respectfully ask you to order Unit Team to produce
**Proof of Claim** that detainer is lodged against me "by which [I] may
demand the speedy disposition of charges pending against [me] in
another jurisdiction as is my due process right in right to access
to the court for remedy at laws. Pursuant to the Supreme Court

07 1690

**FILED**

SEP 2 4 2007

**NANCY MAYER WHITTINGTON, CLERK**
U.S. DISTRICT COURT

U.S. v. Mauro. 56 LED 2D 329, 436 US 340. Attached in pertinent part as **Exhibit C**, and incorporates the intire opinion herein by reference, if there is not a detainer written the meaning Interstate Agreement on Detainer, I wish it removed from my record, status and all limitation on my right to challenge in court any legal actions of another jurisdiction now against me. **See: Mauro, At Exhibit C.**

cc: Service of Copies by U.S.P. Canaan Internal Mail Procedure to the following:

Wagner, Unit Manager, C-2
DeRoberto, Case Manager, C-2
MckDonald, Counselor, C-2

file.

Sincerely,

Rafael Daniel De La Cruz-Jimenez®
Secured Party /Creditor.

1 of 2

## AFFIDAVIT

I, the Undersigned herein, Rafael Daniel De La Cruz-Jimenez do herewith daclare under the penalty of perjury that the afore-going **Proof of Claim** is true and correct to the best of my know-dge I believe and is not made for purpose of fraud, delay or in-justice.

Rafael Daniel De La Cruz-Jimenez®
Secured Party/Aggrieved Party

3/5/07

1 of 1

*Exhibit C*

56 LED2D / 56 LED2D 329, 436 US 340  UNITED STATES v MAURO / HEADNOTES

## Classified to U.S. Supreme Court Digest, Lawyers' Edition

### Extradition § 25 - Interstate Agreement on Detainers - necessity of "detainer" and "request"

1. The provisions of the Interstate Agreement on Detainers (see 18 USCS App)-which Agreement prescribes procedures by which a member state may obtain for trial a prisoner incarcerated in another member jurisdiction, and by which a prisoner may demand the speedy disposition of charges pending against him in another jurisdiction-are triggered only when a "detainer" is filed with the custodial state by another state having untried charges pending against the prisoner; to obtain temporary custody, the receiving state must also file an appropriate "request" with the sending state.

### Extradition § 25 - Interstate Agreement on Detainers - federal writ of habeas corpus ad prosequendum as "detainer"

2a, 2b, 2c. A writ of habeas corpus ad prosequendum, issued by a federal court to state prison authorities, directing the production of a state prisoner for trial <*pg. 332> on federal criminal charges, is not a "detainer" within the meaning of the Interstate Agreement on Detainers (see 18 USCS App)-which prescribes procedures by which a member state (including the United States) may obtain for trial a prisoner incarcerated in another member jurisdiction by filing a "detainer" and a "request" for temporary custody-and does not trigger the application of the Agreement; thus, federal indictments against state prisoners whose presence for arraignment in a federal court was secured under writs of habeas corpus ad prosequendum should not be dismissed even though the prisoners were returned to state prison to await their federal trials, since the Agreement's requirement that a prisoner must be tried in the receiving state before being returned to the sending state is not applicable.

### Extradition § 25 - Interstate Agreement on Detainers - writ of habeas corpus ad prosequendum as "request" for custody

3a, 3b, 3c. Under the Interstate Agreement on Detainers (see 18 USCS App)-which prescribes procedures by which a member state (including the United States) may obtain for trial a prisoner incarcerated in another member jurisdiction by filing a "detainer" and a "request" for temporary custody-the United States is bound by the Agreement when it activates its provisions by filing a detainer against a state prisoner and then obtains his custody by means of a writ of habeas corpus ad prosequendum issued to state prison authorities for the production of the state prisoner for trial on federal criminal charges, the writ constituting a "written request for temporary custody" within the meaning of the Agreement; thus, under the Agreement's requirement that trial must be

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

commenced within 120 days of the prisoner's arrival in the receiving state, a federal indictment must be dismissed where after the United States filed a detainer with state prison authorities, after the prisoner requested a speedy trial on the federal charge, and after the prisoner was produced for arraignment before the Federal District Court pursuant to a writ of habeas corpus ad prosequendum issued by the District Court, the federal trial was postponed on several occasions, either at the government's request or on the court's own initiative, until approximately 17 months after the prisoner's arraignment.  (Rehnquist, J., and Burger, Ch. J., dissented from this holding.)

## Extradition § 25 - Interstate Agreement on Detainers - purpose

4. The purpose of the Interstate Agreement on Detainers (see 18 USCS App)-which prescribes procedures by which a member state may obtain for trial a prisoner incarcerated in another member jurisdiction, and by which a prisoner may demand the speedy disposition of charges pending against him in another jurisdiction-is to encourage the expeditious disposition of charges outstanding against a prisoner and to provide cooperative procedures among member states to facilitate such disposition, charges outstanding against prisoners producing uncertainties that obstruct programs of prisoner treatment and rehabilitation.

## Extradition § 25; Statutes § 154, 158.8 - Interstate Agreement on Detainers - United States as member

5a, 5b, 5c. Under the Interstate Agreement on Detainers Act (18 USCS App) by which the United States joined as a party to the Interstate Agreement on Detainers-which Agreement prescribes procedures by which a member state may obtain for trial a prisoner incarcerated in another member jurisdiction, and by which a prisoner may demand the speedy disposition of charges pending against him in another jurisdiction-the United States is a party to the Agreement as both a "sending" and a "receiving" state, not just as a "sending" state; although the United States already had the writ of habeas corpus ad prosequendum as an efficient means of obtaining prisoners, nevertheless Congress enacted the Agreement into law in its entirety <*pg. 333> and placed no qualification upon the United States' membership, and neither the Justice Department's contrary administrative opinion nor a statement of a subsequent Congress in a draft committee report concerning a bill that was never enacted warrants departure from the clear wording of the Agreement; the subsequent enactment of the Speedy Trial Act (18 USCS §§ 3161 et seq.) is not inconsistent with the United States' status as a receiving state under the Agreement, since in situations where two different sets of time limitations are prescribed, the more stringent limitation may simply be applied.

## Extradition § 25; Habeas Corpus § 7 - Interstate Agreement on Detainers - writ of habeas corpus ad prosequendum

6. Unlike a writ of habeas corpus ad prosequendum issued by a Federal District Court to secure the presence, for purposes of trial, of defendants in federal criminal cases, including

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement

defendants then in state custody, a detainer-under the Interstate Agreement on Detainers (see 18 USCS App)-may be lodged against a prisoner on the initiative of a prosecutor or law enforcement officer; rather than requiring the immediate presence of the prisoner, a detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison, and further action must be taken by the receiving state in order to obtain the prisoner.

## Criminal Law § 48 - right to speedy trial

7. A prosecuting authority is not relieved of its obligation to provide a defendant a speedy trial just because he is in custody elsewhere.

## Extradition § 25 - Interstate Agreement on Detainers - rights of sending state

8. With regard to the Interstate Agreement on Detainers (see 18 USCS App)-which prescribes procedures by which a member state (including the United States) may obtain for trial a prisoner incarcerated in another member jurisdiction by filing a detainer and a request for temporary custody-the provisions of Article IV(a) of the Agreement fixing a 30-day waiting period after the request is presented during which the governor of the sending state may disapprove the receiving state's request, do not expand, but merely preserve, previously existing rights of the sending state, and thus if a state never had authority to dishonor a federal court's writ of habeas corpus ad prosequendum issued for the production of a state prisoner for trial on federal criminal charges, Article IV(a) does not provide such authority.

## Extradition § 25 - Interstate Agreement on Detainers - timeliness of trial

9. With regard to the Interstate Agreement on Detainers (see 18 USCS App)-which prescribes procedures by which a member state (including the United States) may obtain for trial a prisoner incarcerated in another member jurisdiction by filing a detainer and a request for temporary custody-Article IV(c) of the Agreement, which provides that trial must be commenced within 120 days of the prisoner's arrival in the receiving state, requires commencement of trial within 120 days whenever the receiving state initiates the disposition of charges underlying a detainer it has previously lodged against a prisoner, including, in the case of the federal government, initiation of proceedings by the use of a writ of habeas corpus ad prosequendum to secure custody of a state prisoner against whom a detainer was previously filed.

## Extradition § 25; Habeas Corpus § 7 - Interstate Agreement on Detainers - United States as party

10a, 10b. Although the United States is a party to the Interstate Agreement on Detainers (see 18 USCS App)-which prescribes procedures by which a member state (including the United States) may obtain for trial a prisoner incarcerated in another member jurisdiction by <*pg. 334> filing a detainer and a request for temporary custody-nevertheless the United States need not

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

proceed by way of the Agreement but may, instead, obtain a state prisoner by means of a writ of habeas corpus ad prosequendum without ever filing a detainer, in which case the Agreement is inapplicable; it is only when the United States files a detainer that it becomes bound by the Agreement's provisions.

## Extradition § 25 - Interstate Agreement on Detainers - right to speedy trial in receiving jurisdiction - waiver

11. In a state prisoner's federal criminal trial which, because of postponements granted at the government's request or on the court's own initiative, did not commence until approximately 17 months after the prisoner's arraignment in the federal court-the federal government having secured the prisoner's presence for arraignment by a writ of habeas corpus ad prosequendum issued after the government had filed a detainer with state prison authorities under the Interstate Agreement on Detainers (see 18 USCS App)-the prisoner does not waive his claim that the government violated the Agreement's requirement that trial must be commenced within 120 days of the prisoner's arrival in the receiving jurisdiction, where even though the prisoner had not invoked the Agreement in specific terms in his speedy trial motions before the federal court, nevertheless he had persistently requested that he be given a speedy trial and had sought the dismissal of his federal indictment on the ground that the delay in bringing him to trial while the detainer remained lodged against him was causing him to be denied certain privileges at the state prison (the prisoner, at his own request, having been returned to the state prison to await his federal trial).

56 LED2D / 56 LED2D 329, 436 US 340  UNITED STATES v MAURO / SYLLABUS

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

U.S. Department of Justice

Federal Bureau of Prisons

*United States Penitentiary Canaan*

Post Office Box 400
Waymart, Pennsylvania 18472

March 19, 2007

Exhibit F.1

Rafael De La Cruz-Jimenez
Register Number 56269-004
USP Canaan
P.O. Box 300
Waymart, PA 18472

Mr. De La Cruz-Jiminez:

This is in response to your letter dated March 5, 2007. You claim you are being denied access to the court, and your Unit Team is refusing to maintain accurate files. You assert this by stating you have never been served paperwork regarding a detainer lodged by Immigration and Customs Enforcement (ICE). You are demanding speedy disposition of charges pending against you.

A copy of the Immigration Detainer-Notice of Action was provided to you by your Case Manager. The detainer was lodged on August 7, 2002, by ICE. It states that an investigation has been initiated to determine whether you are subject to removal from the United States. Program Statement 5800.14, *Inmate Systems Management Manual*, states that an IAD, or Interstate Agreement on Detainers Act is "a statutory provision authorizing "party states" to enter an agreement, for the disposition of "untried" charges, indictments, informations, or complaints which form the basis of a detainer." The IAD does not apply to civil deportation proceedings by ICE.

Sincerely,

Cameron Lindsay
Warden

Exhibit F.2

Rafael Daniel De La Cruz-Jimenez®
sui juris/Secured Party
In behalf of: RAFAEL DANIEL DE LA CRUZ JIMENEZ
Reg.No. [56269-004]
United States Penitentiary Canaan/CCA
In care of: post Office Box [300]
Waymart, near [18472] Pennsylvania


Ronnie R. Holt, Warden of USP Canaan/CCA
United States Penitentiary Canaan
P.O. Box [400]
Waymart, near [18472] Pennsylvania


May 14, 2007

Re: <u>An Immigration Detainer-Notice of Action ("IDNA")</u>

Dear Warden Holt:


   Welcome to your new wardenship here at U.S.P. Cannan/CCA. I'm
writing to ask you reverse a determination by your predecesor
holding that the above cited "IDNA" is a detainer against me.
If you will review the records you will find from my petitioning
that it showed be removed. Enclosed is a copy of your predecesor's
response.

   Thank you; again I bid you welcome.




                         Respectfully,

                         Rafael Daniel De La Cruz-Jimenez®
                         Secured Party/Creditor

## CERTIFICATE SERVICE

I, Rafael Daniel De La Cruz-Jimenez® do certify under the penalty of perjury that on this 14th day of May, 2007, the original of letter to the Warden Ronnie R. Holt was mailed as legal mail address to said Warden at: United States Penitentiary Canaan/CCA, Post Office Box [400], Waymart, near [18472] Pennsylvania. Postage prepaid.


Rafael Daniel De La Cruz-Jimenez®
Secured Party/Creditor

2 of 2

U.S. Department of Justice

Federal Bureau of Prisons

*United States Penitentiary Canaan*

Post Office Box 400
Waymart, Pennsylvania 18472

March 19, 2007

Rafael De La Cruz-Jimenez
Register Number 56269-004
USP Canaan
P.O. Box 300
Waymart, PA 18472

Mr. De La Cruz-Jiminez:

This is in response to your letter dated March 5, 2007. You claim you are being denied access to the court, and your Unit Team is refusing to maintain accurate files. You assert this by stating you have never been served paperwork regarding a detainer lodged by Immigration and Customs Enforcement (ICE). You are demanding speedy disposition of charges pending against you.

A copy of the Immigration Detainer-Notice of Action was provided to you by your Case Manager. The detainer was lodged on August 7, 2002, by ICE. It states that an investigation has been initiated to determine whether you are subject to removal from the United States. Program Statement 5800.14, *Inmate Systems Management Manual*, states that an IAD, or Interstate Agreement on Detainers Act is "a statutory provision authorizing "party states" to enter an agreement, for the disposition of "untried" charges, indictments, informations, or complaints which form the basis of a detainer." The IAD does not apply to civil deportation proceedings by ICE.

Sincerely,

Cameron Lindsay
Warden

U.S. Department of Justice

Federal Bureau of Prisons

*United States Penitentiary Canaan*

*Post Office Box 400*
*Waymart, Pennsylvania 18472*

May 24, 2007


Rafael De La Cruz-Jimenez
Register Number 56269-004
USP Canaan
P.O. Box 300
Waymart, PA 18472

Dear Mr. De La Cruz-Jimenez:

This is in response to your letter dated May 14, 2007. You claim a response regarding a detainer lodged by Immigration and Customs Enforcement (ICE) is incorrect.

As previously stated, a copy of the Immigration Detainer-Notice of Action was provided to you by your Case Manager. The detainer was lodged on August 7, 2002, by ICE. This notice states that an investigation has been initiated to determine whether you are subject to removal from the United States. We have not received any new information from this agency. If you wish to write to ICE, your Case Manager can provide you with the address.

Sincerely,


Ronnie R. Holt
Warden

F
07-1690
UNA

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS

RAFAEL D. URZA CRUZ-JIMENEZ

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE    YR

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

# 56269-004

## DEFENDANTS

DOJ, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

ATT

Case: 1:07-cv-01690
Assigned To : Unassigned
Assign. Date : 9/24/2007
Description: Pro Se Gen. Civil

CASE RE-ASSIGNED
TO FILEN SEGAL HUVELLE
DEC 0 4 2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

■ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR ■ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
■ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

# No Summons Issued

| ☐ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**☒ ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

---

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** 2.5 Million   Check YES only if demanded in complaint **JURY DEMAND** ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☐ NO   If yes, please complete related case form.

**DATE** 9-24-07   **SIGNATURE OF ATTORNEY OF RECORD** NCD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

