UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
RAFAEL DANIEL De La CRUZ-JIMENEZ,       )
                                                        )
               Plaintiff,                                )
                                                        )
                                                        )  Civil Action No. 07-1690 (ESH)
          v.                                            )  (ECF)
                                                        )
UNITED STATES DEP'T OF JUSTICE, et al.,  )
                                                        )
               Defendants.                          )
_____)

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
OR IN THE ALTERNATIVE TO TRANSFER

The United States Department of Justice, the Immigration and Naturalization Service

("INS"); the INS Office, Miami, Florida; "P. Garcia", an INS agent; and the Bureau of Prisons

(collectively "Defendants") by and through undersigned counsel, hereby respectfully file this

Motion to Dismiss or, in the alternative, to Transfer to the Western District of Pennsylvania.

Rafael Daniel De La Cruz-Jimenez, Reg. No. 56269-004 ("Plaintiff"), pro se, brings this "action

complaint under 42 U.S.C. §1983" alleging that Defendants were negligent in maintaining his

records, resulting in an INS order for his deportation that was not executed.  Defendants

respectfully refer the Court to the accompanying Memorandum of Points and Authorities and

attachments thereto, and to the entire record in this case.

Pro se Plaintiff will take note that if he fails to respond to this motion to dismiss, the

Court may grant this motion and dismiss his case because of his failure to respond.  See Fox v.

Strickland, 837 F.2d 507 (D.C. Cir. 1988).

A proposed Order consistent with the relief sought herein is attached.

June 11, 2008                              Respectfully submitted,

                                          _/s/_____
                                          JEFFREY A. TAYLOR, D.C. BAR # 498610
                                          United States Attorney

_____    _/s/_____
                                          RUDOLPH CONTRERAS, D.C. BAR # 434122
                                          Assistant United States Attorney

                                          _/s/_____
                                          KENNETH ADEBONOJO
                                          Assistant United States Attorney
                                          Judiciary Center Building
                                          555 4th Street, N.W. – Civil Division
                                          Washington, D.C.  20530
                                          (202) 514-7157
                                          (202) 514-8780 (facsimile)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                              )
**RAFAEL DANIEL De La CRUZ-JIMENEZ,**         )
                                              )
      **Plaintiff,**                  )
                                              )
                                              )   **Civil Action No. 07-1690 (ESH)**
      **v.**                          )   **(ECF)**
                                              )
**UNITED STATES DEP'T OF JUSTICE, <u>et al.</u>,**  )
                                              )
      **Defendants.**                  )
_____)

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
### PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE TO TRANSFER

      Pursuant to the Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(3) and (b)(6), the United States

Department of Justice, the Immigration and Naturalization Service ("INS"); the INS Office,

Miami, Florida; "P. Garcia", an INS agent; and the Bureau of Prisons (collectively

"Defendants"), by and through undersigned counsel, respectfully submit this memorandum of

law in support of their Motion to Dismiss or, in the Alternative, to Transfer the complaint filed

by Rafael Daniel De La Cruz-Jimenez, <u>pro se</u>, Reg. No. 56269-004 ("Plaintiff").

### I.   INTRODUCTION AND SUMMARY

      Plaintiff commenced this "action complaint under 42 U.S.C. §1983" alleging that

Defendants were negligent in maintaining his records, resulting in an INS order for his

deportation that was not executed.  Although it is not clear whether Plaintiff is attempting to raise

a constitutional claim or a claim under the Privacy Act, dismissal is proper in either event.

Plaintiff cannot maintain a 1983 claim against federal actors and constitutional claims would be

barred by sovereign immunity.  Plaintiff's Privacy Act claims would be subject to dismissal for

lack of subject matter jurisdiction because he failed to exhaust his administrative remedies and

dismissal for improper venue.  Furthermore, Plaintiff's claims against P. Garcia, the sole

individual Defendant named, should be dismissed because the Court would lack personal

jurisdiction over him as well as the fact that P. Garcia is not a proper defendant.[1]

## II.    FACTUAL BACKGROUND

Plaintiff is a citizen of the Dominican Republic who was sentenced to a term of 360

months in prison for drug-related offenses and has been incarcerated since October 18, 2003.

Cruz-Jimenez, 2007 U.S. Dist. Lexis 56204, **1-2 (M.D. Pa 2007).  In his complaint, Plaintiff

alleges that, "on August 7, 2002, an Immigration Detainer-Notice of Action was...faxed to the

attention of P. Garcia INS officer...to have [Plaintiff] in 48 hours be deported...."  Compl., at 8;

Ex. A attached to Compl.  Plaintiff appears to allege further that Defendants "knew of the

transfer notice of action for immigration reasons but fail[ed] to comply" with the order to deport

Plaintiff to his native Dominican Republic.  Id.  Plaintiff charges Defendants with "lack of

cooperation and deprivation of Notice Action A-79442-849."  Furthermore, Plaintiff appears to

allege that Defendants' failure to execute the INS order is attributable to their failure to maintain

his records properly.  Id.  Plaintiff alleges that the Privacy Act, 5 U.S.C. 552a ("Act"),  "requires

each Agency of the federal government to maintain accurate records for fairness to those in

custody."  Compl., at 3.  Plaintiff further alleges that Defendants violated his Fifth Amendment

and equal protection rights because they failed "to perform [a] clear, mandatory and ministerial

duty" owed to him.  Compl., at 2.  In essence, Plaintiff appears to be suggesting that his

---

[1]    Although there does not appear to be any basis to construe this as a suit against
Defendant P. Garcia in his individual capacity and the undersigned counsel currently represent
him only in his official capacity, Defendant P. Garcia reserves all individual capacity defenses
including, but not limited to, improper service and immunity from suit, in the event Plaintiff
seeks to assert any claims against him in his individual capacity.

deportation should have been effected prior to the completion of his sentence.

In <u>Cruz-Jimenez</u>, <u>supra</u>, which he commenced on July 18, 2007, Plaintiff sought a writ mandating that defendant satisfy Plaintiff's Fifth Amendment rights to due process and equal protection by "correct[ing] his classification records to show that no INS detainer" exists against him. <u>Cruz Jimenez</u>, 2007 U.S. Dist Lexis 56204 at **1-2.[2] Noting that mandamus is an extraordinary remedy, the Middle District denied Plaintiff relief because the detainer created "no duty to perform" and Plaintiff had other remedies, which he failed to exhaust. <u>Id.</u> at 4. Construing Plaintiff's lack of service of detainer and prisoner classification claims as alleging a violation of Interstate Agreement on Detainers ("IAD"), the court concluded that the IAD did not apply and moreover, that Plaintiff had no Fifth Amendment interest in a particular type of confinement. <u>Id.</u> at *7.

Plaintiff appealed and the Third Circuit affirmed, dismissing Plaintiff's appeal pursuant to 28 U.S.C. §1915(e)(2)(B). <u>Cruz-Jimenez v. Holt</u>, 2008 U.S. App. Lexis 2020 (3d Cir. 2008). The Third Circuit also noted Plaintiff's allegation that the appellee failed to maintain accurate records and concluded that the issue was not about accuracy of records but that Plaintiff disputed that the INS's notice of action was only a notice and not a detainer. <u>Id.</u> at 4. Plaintiff now appears to be alleging a violation under the Privacy Act because, according to him, Defendants did not execute the detainer ordering his deportation.

In terms of relief, Plaintiff is "filing for inaccurate information in which the four defendants named in this mater which caused me this wrongful[]" act. Specifically, Plaintiff

---

[2]     A detainer is a request by an agency with the institution in which the prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent. <u>Cruz-Jimenez</u>, 2007 U.S. Dist. Lexis at *6 (citing <u>Fex v. Michigan</u>, 507 U.S. 43, 44 (1993).

requests that the Court hold those "who reported the misinformation and who caused these allegations of deception and discrimination" accountable. Compl., at 4. Plaintiff is seeking damages in the amount of "$2,500,000.00...from each of these multi-defendants named in this claim (under Civil Rights Act 42 U.S.C. § 1983)."

## III.    STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing Twombly). Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support plaintiff's claims for relief.

The court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Comm. Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pled in the complaint. Kowal, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." Id.

## IV.    LEGAL ARGUMENT

### A.    Plaintiff May not Bring a 42 U.S.C. §1983 Claim Against Defendants

To the extent Plaintiff expressly relies on 42 U.S.C. §1983, he fails to state a claim

4

because 1983 applies to state actors not federal agencies or employees. <u>Williams v. USA</u>, 396 F.3d 412 (D.C. Cir. 2005). Moreover, this Circuit has explicitly held that sovereign immunity bars the BOP from liability under § 1983. <u>Galvan v. Fed. Prison Ind.</u>, 199 F.3d 461, 462 (D.C. Cir. 1999). Therefore, Plaintiff's 1983 claim should be dismissed.

      **B.**     **Sovereign Immunity Bars Claims Against Defendants**

      Because Plaintiff has failed to articulate a specific waiver of sovereign immunity and the manner of service on Defendant P. Garcia suggests he is being sued in his official capacity, Defendants contend that Plaintiff's action is barred by sovereign immunity. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government...from suit." <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1994). Congressional consent to suit, a waiver of the government's traditional immunity, must be explicit and is strictly construed. <u>Library of Congress v. Shaw</u>, 478 U.S. 310, 318 (1986). Absent clear congressional consent to entertain a claim against the United States, a District Court lacks authority to grant relief. <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976). "Sovereign immunity is jurisdictional in nature." <u>Meyer</u>, <u>supra</u>, 510 U.S. at 475.

      It is unclear from his complaint whether Plaintiff is alleging a constitutional claim under the Fifth Amendment or a Privacy Act claim. If Plaintiff is attempting to assert a constitutional claim, he has not identified a specific waiver of sovereign immunity or pled a proper constitutional claim. Also, based on the mode of service procured, <u>see</u> Fed. R. Civ. P. 4(i)(2), it appears that Plaintiff is suing P. Garcia only in his official capacity because he was served at his place of work. <u>See</u> Docket 7. To the extent that Plaintiff is suing this Defendant for

constitutional violations in his official capacity, the claim is barred.  <u>Monell v. Dep't of Social Security</u>, 436 U.S. 658, 690 n.55 (1978).

**C.    Plaintiff Fails to State a Privacy Act Claim**

i.    <u>Plaintiff Failed to Exhaust Administrative Remedies</u>

Even if the Court were to construe Plaintiff's complaint as a properly pled action under the Privacy Act, this Court would still lack jurisdiction because Plaintiff has failed to exhaust his administrative remedies.  The Privacy Act, 5 U.S.C. § 552a, governs federal agencies' maintenance of records pertaining to individuals.  A "record" within the meaning of the Act refers to information that is "about an individual," that is maintained within a "system of records" of an agency, and that is retrieved from that system through use of a person's name or other personal identifier.  5 U.S.C. § 552a(a)(4), (a)(5).  The Act provides generally that each agency that maintains a system of records shall "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness" and where the agency makes a determination that is adverse to the individual, the individual may, under certain circumstances, bring a civil action to recover "actual damages sustained," costs and reasonable attorney fees.  <u>See</u> 5 U.S.C. § 552a(g)(1)(D), (g)(4).

Even under the Privacy Act, all available remedies must first be exhausted and those remedies need not meet federal standards, nor must they be plain, speedy, and effective.  <u>Reid v. BOP</u>, 2005 U.S. Dist. Lexis 15138, *12 (D.D.C. 2005) (ESH).   Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  <u>Id.</u>  Although Plaintiff alleges that he has exhausted his administrative

6

remedies, BOP records indicate otherwise.  See Declaration of Martin Hill, Ex. A.  Because it

appears Plaintiff essentially abandoned his administrative remedies, those claims have not been

properly exhausted and may not be brought before the court.  See Porter v. Nussle, 534 U.S. 516,

532 (2002); Jackson v. District of Columbia, 245 F.3d 262, 266 (D.C. Cir. 2001); In re Smith,

114 F.3d 1247, 1250 (D.C. Cir. 1997) (PLRA exhaustion requirement applies to prisoner's

Privacy Act claims); Reid, supra.  In addition, both the Middle District of Pennsylvania and the

Third Circuit found that Plaintiff had failed to exhaust his administrative remedies.  Cruz-

Jimenez, supra.[3]

     In any case, Plaintiff could not raise a Privacy Act claim against the BOP because the

BOP has specifically exempted itself from the amendment and accuracy provision of the Privacy

Act by regulation.  Martinez v. BOP, 444 F.3d 620, 624 (D.C. Cir. 2006).

     ii.    Any Privacy Act Claim will be Barred by Collateral Estoppel

     Collateral estoppel precludes a plaintiff from re-litigating an issue of fact or law that was

previously decided in prior litigation involving the same party.  Collateral estoppel may be

asserted in a civil action to preclude re-litigation of an issue of fact or law that was resolved in a

prior criminal proceeding.  Allen v. McCurry, 449 U.S. 90 (1980).  The federal courts in the

District of Columbia apply a three-part standard for collateral estoppel: (1) the same issue being

raised must have been contested by the parties and submitted for judicial determination in the

prior case; (2) the issue must have been actually and necessarily determined by a court of

competent jurisdiction in the prior case; and (3) preclusion in the second case must not work a

---

     [3]     Although not entirely clear from the record, based on the date of the detainer or
notice that is the subject of this action, August 7, 2002, and Plaintiff's contention that Defendants
failed to execute the order of deportation because of improper records management, it appears
the Privacy Act's two-year statute of limitations has run.  5 U.S.C. § 552a(g)(5).

basic unfairness to the party bound by the first determination.  Rogers v. Johnson-Norman, 466 F. Supp.2d 162, 169 (D.D.C. 2006)(quoting Yamaha Corp. of Am. v. United States, 961 F.2d 245, 254 (D.C. Cir.1992)).

If the Court were to construe Plaintiff's complaint as alleging a claim under the Privacy Act, such a claim would be precluded by the decision from the Middle District of Pennsylvania and the Third Circuit's affirmance.  In the Pennsylvania actions, Plaintiff sought an order that defendant satisfy "his Fifth Amendment rights to due process and equal protection by 'correct[ing] his classification records to show that no 'INS detainer' exists against him." Cruz-Jimenez, 2007 U.S. Dist Lexis 56204, at *2.  Plaintiff further alleged that defendant "refused to correct [his] classification records" and is using "false record of a detainer" to discriminate against him.  Id.  Referring to these as Plaintiff's "Privacy Act" claims, the Third Circuit concluded that Plaintiff failed to "demonstrate that the prison failed to maintain an accurate record" and this Plaintiff's allegation of inaccurate records was basically a dispute over what a record should be called.  2008 U.S. App. Lexis 2020, at *4.

Here, Plaintiff again seems to contest authenticity of the detainer and seeks to have the detainer executed so that he may return to his native Dominican Republic.  Res judicata and collateral estoppel "bar[] relitigation not only of matters determined in a previous  litigation but also ones that a party could have raised." NRDC v. Thomas, 838 F.2d 1224, 1252 (D.C. Cir. 1988).  Collateral estoppel further bars parties from relitigating issues of law or fact resolved in prior cases between those parties.  Securities Indus. Ass'n v. Bd. of Governors, 900 F.2d 360, 363 (D.C. Cir. 1990) ("When a court determines an issue of fact or law that is actually litigated and necessary to its judgment, that conclusion binds the same parties in a subsequent action.").

Plaintiff already raised the privacy act claim, which the Third Circuit dismissed as baseless because there was no real Privacy Act issue only a dispute over the meaning of a document. Apparently, Plaintiff has attached a meaning to the INS detainer that suggests the should be released and deported rather than serve out his sentence. This is a claim that, even if the Court finds that Plaintiff did not raise in the prior litigation, he certainly could have raised because he had a copy of the detainer prior to that litigation. Plaintiff certainly could have raised the meritless proposition that the detainer constitutes a get-out-of-jail-free card. The preclusion doctrines should be applied here because there is no prejudice to Plaintiff because his allegations are baseless.

  iii.  <u>Venue Under the Privacy Act</u>

  Historically, the D.C. federal courts do not permit inmates incarcerated in other jurisdictions to challenge conditions of confinement in this district simply because it is the location of the Bureau of Prisons' Central Office. The BOP has more than 170,000 inmates in more than 100 institutions nationwide. <u>See</u> <u>www.bop.gov</u> ("public information, quick facts and statistics"). Courts recognize the danger of giving federal inmates the opportunity to bring their claims in the district: "Courts in this Circuit must examine the challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." <u>Cameron v. Thornburgh</u>, 983 F.2d 253, 256 (D.C. Cir. 1993).

  Venue in a Privacy Act action is proper in a district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia.... 5 U.S.C. § 552(a)(4)(B); <u>In re Scott</u>, 709 F.2d 717 (D.C. Cir. 1983). Thus, venue in Freedom of Information Act or Privacy Act

case includes the district in which a prisoner is incarcerated.  In re Hearn, 2007 U.S. App. Lexis

938 (D.C. Cir. 2007) (affirming the lower court's exercise of discretion to transfer a Freedom of

Information Act case to the district where the complainant was incarcerated).  According to 28

U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it may have been

brought."

    Here, the Privacy Act's venue considerations as well as the "convenience of the parties"

strongly suggest that venue is more apt in the Western District of Pennsylvania.  Under the

Privacy Act's provisions, Plaintiff "resides" in that District and a transfer to that District better

serves the convenience of the parties.  Dehaemers v. Wynne, 522 F.Supp.2d 240, 249 (D.D.C.

2007) (transferring plaintiff's Privacy Act and Rehabilitation Act cases to the Eastern District of

Virginia where plaintiff resides and his employer the Pentagon can be found).[4]

### B.    Plaintiff's Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2) Because this Court Lacks Personal Jurisdiction over Defendant P. Garcia[5]

    To the extent this action involves against Defendant P Garcia in his official capacity, see

footnote 1, supra, there is no in personam jurisdiction because Plaintiff has not shown that

Defendant P. Garcia is a resident of the District of Columbia.

---

[4]    Although the Court may transfer this case to another district in the interest of justice, this case would be subject to dismissal no matter where it was transferred for reasons discussed elsewhere in this memorandum.  Therefore, outright dismissal better serves the interests of justice.

[5]    Defendant P. Garcia is not a proper defendant under the Privacy Act so any Privacy Act claims against him should be dismissed.  Fuller-Avent v. United States Prob. Off., 226 Fed. Appx. 1 (D.C. Cir. 2006) (noting that

      i. <u>Plaintiff's Burden</u>

Plaintiff bears the burden of pleading the facts necessary to substantiate in personam jurisdiction in this Court. <u>Kernan v. Kurz-Hastings, Inc.</u>, 175 F.3d 236, 240 (2d Cir. 1999). As explained by this Court in <u>Edmond v. U.S. Postal Serv.</u>, 727 F. Supp. 7, 10 (D. D.C. 1989), <u>aff'd</u> in part and <u>rev'd</u> in part on other grounds, 949 F.2d 415 (D. C. Cir. 1991):

> A plaintiff in district court must plead essential jurisdictional facts and must carry throughout the litigation the burden of showing that he is properly in court. "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936).

Plaintiff has failed and cannot meet his burden to establish such necessary facts as it does not appear that Defendant P. Garcia resides in this District. At a minimum, Plaintiff has not pled such facts.

      ii. <u>D.C. Code §13-423, the "Long Arm" statute</u>

<u>In personam</u> jurisdiction may be maintained by the United States District Court for the District of Columbia only if permitted by the "long arm" laws of the District of Columbia. <u>Crane v. Carr</u>, 814 F. 2d 758, 762 (D.C. Cir. 1987). The District of Columbia exercises personal jurisdiction based upon the D.C. Code's "long arm" statute at D.C. Code §13-423 (2000), which states in relevant part:

11

(a) A District of Columbia court may exercise
personal jurisdiction over a person, who acts
directly or by an agent, as to a claim for relief
arising from the person's--
(1) transacting any business in the District of
Columbia;
(2) contracting to supply services in the District of
Columbia;
(3) causing tortuous injury in the District of
Columbia by an act or omission in the District of Columbia;
(4) causing tortuous injury in the District of
Columbia by an act or omission
outside the District of Columbia if he regularly does
or solicits business,
engages in any other persistent course of conduct, or
derives substantial
revenue from goods used or consumed, or services
rendered, in the District of Columbia;
(5) having an interest in, using, or possessing real
property in the District of Columbia;
(6) contracting to insure or act as surety . . . ; or
(7) marital or parent and child relationship. . . .
(b) When jurisdiction over a person is based solely
upon this section, only a claim for relief arising
from acts enumerated in this section may be
asserted against him.

In this case, Plaintiff could not establish proper in personam jurisdiction in this court

under § 13-423. Crane 814 F.2d at 762. First, it appears Defendant P. Garcia does not reside in

this District. Docket Entry 7. On the contrary, it appears Defendant P. Garcia resides in Florida

where he appears to be employed. Id.

Moreover, the Plaintiff does not allege that Defendant P. Garcia transacted any business

or contracted to supply services in the District of Columbia, nor has he caused any tortuous injury

in the District of Columbia. Moreover, in personam jurisdiction cannot be predicated on the

provisions of the sections (a)(3) and (4) of the "long arm" statute because the plaintiff does not

and cannot claim that Defendant P. Garcia caused him tortuous injury within the District of

12

Columbia. There is no <u>act</u> or <u>injury</u> alleged to have been accomplished within the District of Columbia by P. Garcia. Any injury to Plaintiff necessarily took place outside the District, since he was never housed here and all allegations in this action pertain to his incarceration outside this District. Therefore, this Court would lack personal jurisdiction over Defendant, P. Garcia, for activities taking place outside the District of Columbia.

### iii.  <u>In Personam Jurisdiction Requires "Minimum Contacts"</u>

In order for this District Court to have personal jurisdiction over a non-resident defendant, jurisdiction must be proper under both the District of Columbia long-arm statute and consistent with the demands of due process. <u>United States v. Ferrara</u>, 54 F.3d 825, 828 (D.C. Cir. 1995); <u>Crane v. Carr</u>, 814 F.2d 758, 762 (D.C. Cir. 1987). "Since the District of Columbia's long-arm statute has been held to extend as far as the Due Process Clause allows, <u>Mouzavires v. Baxter</u>, 434 A.2d 988 (D.C. 1981) <u>(en banc)</u>, <u>cert. denied</u>, 455 U.S. 1006 (1982), personal jurisdiction exists when the defendant has purposely established minimum contacts with the forum state and when the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.' <u>Asahi Metal Indus. Co. v. Superior Court of Cal.</u>, 480 U.S. 102 (1987)." <u>Wiggins v. Equifax Inc.</u>, 853 F. Supp. 500 (D. D.C. 1994). "Plaintiff's claim for relief must arise from the defendants' contacts with the District of Columbia and his 'claims must bear some relation to the acts in the District that are relied upon to confer personal jurisdiction.' [D.C. Code] § 13-423(b). <u>Bayles v. K-Mart Corp.</u>, 636 F. Supp. 852, 854 (D.D.C. 1986)." <u>Id.</u> at 502.

Again, the burden would be on the Plaintiff to establish that this Court could exercise personal jurisdiction over non-resident Federal Defendants consistent with the Due Process Clause. <u>Blumenthal v. Drudge</u>, 992 F. Supp. 44, 53 (D. D.C. 1998). Plaintiff , in this case, has

wholly failed to allege such facts, and the allegations against Defendant P Garcia do not establish

"minimum contacts" necessary to confer personal jurisdiction upon the District Court for the

District of Columbia.  The mere fact that Defendant, P. Garcia is an employee of the INS and the

Central Office of that agency happens to be in Washington, D.C., is insufficient to establish the

requisite "minimum contacts" with the District of Columbia.  Cameron v. Thornburgh, 983 F.2d

235, 256 (D.C. Cir. 1993); James v. Reno, et al., No. 99-5081, 1999 WL 615084 (D.C. Cir. Jul.

2, 1999) (Inmate's security classification and transfer request made in Texas; both federal prisons

at issue located in Texas; no injury suffered in the District of Columbia; mere fact that some

defendants were employees of the Bureau of Prisons based in D.C. insufficient to establish

requisite "minimum contacts" with District); Meyer v. Reno, 911 F. Supp. 11, 14 (D.D.C. 1996)

(Bureau of Prisons employee who works at FCI Memphis, Tennessee and three Florida State

Attorneys not alleged to conduct any business or make any contracts for services and no injury

alleged to have been suffered in the District of Columbia, so court cannot exercise jurisdiction

over them).

     The presence in the District of Columbia of the defendants must be "continuous and

systematic" and relative to the claim to meet the "minimum contacts" requirement.  Int'l Shoe

Co. v. Washington, 326 U.S. 310 (1945).  Here, non-resident Defendant, P. Garcia, lacks the

requisite minimum contacts with the District of Columbia because the operative facts of any

claim herein arose outside this District.  In the instant case, Plaintiff fails to meet his burden of

establishing proper in personam jurisdiction in this District under section 13-423.

     Furthermore, Plaintiff alleges no facts in his complaint to establish that Defendant P.

Garcia caused or that Plaintiff suffered any injury in the District of Columbia.  The alleged injury

14

of which Plaintiff complains occurred outside this District.  Therefore, the Court lacks personal

jurisdiction over the Defendant P. Garcia under the District's long-arm statute.  In addition,

Plaintiff has failed to allege facts showing that the exercise of personal jurisdiction over

Defendant P. Garcia would satisfy due process requirements.  In fact, Plaintiff does not establish

any connection between P. Garcia and the District of Columbia.  Consequently, the Court should

dismiss any claims against Defendant P. Garcia for lack of personal jurisdiction under Fed. R.

Civ. P. 12(b)(2).

## V    **CONCLUSION**

For the reasons outlined above, the Court should dismiss Plaintiff's complaint for lack of

subject matter jurisdiction, personal jurisdiction, and failure to state a claim.  In the alternative,

this case should be transferred to the United States District Court for the Western District of

Pennsylvania.

June 11, 2008                                          Respectfully submitted,

                                                       _/s/_____
                                                       JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                       United States Attorney

_____                     /s/_____
                                                       RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                       Assistant United States Attorney

                                                       _/s/_____
                                                       KENNETH ADEBONOJO
                                                       Assistant United States Attorney
                                                       Judiciary Center Building
                                                       555 4th Street, N.W. – Civil Division
                                                       Washington, D.C.  20530
                                                       (202) 514-7157
                                                       (202) 514-8780 (facsimile)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAFAEL DANIEL De La CRUZ-JIMENEZ,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| | ) **Civil Action No. 07-1690 (ESH)** |
| **v.** | ) **(ECF)** |
| | ) |
| **UNITED STATES DEP'T OF JUSTICE, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

UPON CONSIDERATION of Defendants' Motion To Dismiss, the entire record herein, it is hereby

ORDERED that Defendants' motion to dismiss is granted, and it is further

ORDERED that this case is dismissed with prejudice.

 

 

_____                _____

 DATE                                   HON. ELLEN S. HUVELLE, U.S.D.J.

 

Copies to:

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530

RAFAEL DANIEL DE LA CRUZ-JIMENEZ
Reg. No. 56269-004
P.O. Box 8000
Bradford, Pa
16701

## CERTIFICATE OF SERVICE

I certify I caused copies of the foregoing Defendants' Motion to Dismiss to be served by

first class mail upon *pro se* plaintiff at:


Rafael Daniel De la Cruz-Jimenez
Reg. No. 56269-004
P.O. Box 8000
Bradford, Pa
16701


on this 11th day of June, 2008         _/s/_____
                                            KENNETH ADEBONOJO
                                            Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Rafael Daniel De La Cruz-Jimenez,       )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )       Civil Action No. 07-cv-1690 (ESH)
                                        )
U.S. Department of Justice, et al.,     )
                                        )
            Defendants.                 )
_____    )

## DECLARATION OF DELAINE HILL

I, Delaine Hill, hereby declare and state the following:

1.    I am an Assistant General Counsel for the Federal Bureau of Prisons ("BOP") in Washington, D.C. I have been employed as an attorney with the Bureau of Prisons since August 2001.

2.    I have access to BOP records pertaining to administrative remedy appeals submitted to this office and all computerized administrative remedy filings.

3.    Pursuant to 28 C.F.R. § 542.10 et seq., "Administrative Remedy Procedure for Inmates," the BOP has implemented a three-tiered grievance mechanism which inmates must use to forward complaints about any aspect of their confinement. The procedure requires inmates to first address their complaints informally to the institution staff, and if not resolved at that level then formally to staff through a form commonly known as a "BP-9." If dissatisfied with the response at the institution level, an inmate may appeal his concerns to the Regional Director, commonly known as a "BP-10". If dissatisfied with the Regional Director's response, the inmate may finally appeal to the General Counsel's office in the Central Office of the Bureau of Prisons,

commonly known as a "BP-11". Using this grievance mechanism allows the BOP to accurately and thoroughly investigate inmates allegations at all levels.

4.    On June 9, 2008, I searched the computerized administrative remedy records filed by plaintiff Rafael Daniel De La Cruz-Jimenez (BOP Inmate Number: 56269-004) and found that he has failed to exhaust all of his available administrative remedies before the BOP on claims made in this case.

5.    Specifically, BOP records indicate that Plaintiff has not filed an administrative remedy with respect to any of the issues addressed in his complaint.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 19th day of June 2008 in Washington, D.C.

Delaine Hill
Assistant General Counsel
Litigation Branch
Federal Bureau of Prisons

2