RECEIVED

JUL 1 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


RAFAEL DANIEL De La CRUZ-JIMENEZ,
                    Plaintiff,


    -vs-                                    Case 1:07-cv-1690(ESH)


U.S. DEPT OF JUSTICE, et al.,
                    Defendants.

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

The Defendants have moved the Court to dismiss the instant Complaint pursuant to Fed.R.Civ.P. 12(b)(1), (b)(2), (b)(3) and (b)(6). Specifically, the Defendants contend the Plaintiff's Complaint: A) fails to state a claim because the form used cites 42 USC § 1983; B) is barred by sovereign immunity because service of process was effected upon Defendant P. Garcia at his place of work; C) i) can not proceed because the Plaintiff failed to exhaust administrative remedies, and the BOP is exempt from the amendment and accuracy provision of the Privacy Act; ii) is barred by collateral estoppel; iii) should be transferred because "venue under the Privacy Act should be the district where the complainant resides."

For reasons as set forth below, the Defendants' arguments are infirm and their motion must be dismissed.

1

## FACTUAL BACKGROUND

The Plaintiff was arrested on August 7, 2002, in Miami, Florida by DEA and U.S. Customs agents. Specifically, the Plaintiff had piloted a company aircraft from the Dominican Republic to Miami on behalf of the company in which he was employed. Upon arrival at Miami airport, federal agents without warrant, seized the Plaintiff and the aircraft. The agents proceeded to conduct a warrantless search of the aircraft and discovered 450 kilograms of cocaine concealed in a hidden compartment. The Plaintiff was the detained on a criminal complaint with respect to the discovered drugs.

At the time of the Plaintiff's arrest, INS officer, P. Garcia, faxed an "Immigration Detainer - Notice of Action" to the U.S. Marshals Service indicating that, an "Investigation has been initiated to determine whether this person is subject to removal from the United States." The Plaintiff was not made aware of Notice of Action Detainer, nor was he made aware of any subsequent actions or determinations made based upon said Detainer Notice.

On October 25, 2006, while at U.S.P. Canaan, the Plaintiff was given notice that an INS Detainer was pending against him according to BOP records.

On December 29, 2006, the Plaintiff sent request for verification and/or correction, as to the purported detainer, directed to the INS, via officer P. Garcia. The request also sought disclosure of any actual detainer, if such existed. Neither the INS nor Garcia responded or acknowledged the Plaintiff's request in any manner. On February 21, 2007, the Plaintiff sent a follow-up request seeking a

2

reply to his original inquiry.  There was no response to the corres-
pondence either, nor did the INS/Garcia respond to subsequent re-
quests sent on March 15, 2007, and April 18, 2007.

Based upon the INS/Garcia's failure to respond or even acknow-
ledge his correspondences, the Plaintiff reasonably presumed the
BOP was maintaining an inaccurate record.

On March 5, 2007, the Plaintiff sent a request to BOP Warden,
Cameron Lindsay, seeking to correct what he believed to be an inaccu-
rate record, i.e., that no actual INS detainer existed, as no such
document had been served upon him.  Warden Linsay responded that
there was in fact a detainer lodged by Immigration and Customs En-
forcement (ICE).

Following his March 5, 2007, correspondence to Warden Linsay,
the Plaintiff began attempt to pursue correction of the BOP record by
requesting the form for administrative remedy.  On March 8, 2007,
unit counselor John MacDonald, who was to provide the form, called
the Plaintiff into the unit's center office for what was called a
"private meeting."  When the Plaintiff entered, instead of being pro-
vided with administrative remedy forms, he was confronted by the Unit
Manager Stephen Wagner, Case Manager DeRoberto, and Case Manager
Koehn, in addition to Counselor MacDonald.  UM Wagner was the first
to speak, and he began by ordering the Plaintiff to stop the process
he was pursuing regarding the detainer.  The Plaintiff understood
this reference to be regarding his letter to the Warden and intent to
seek administrative remedy, and possible judicial action.  UM Wagner
further stated to the Plaintiff that he should remember he is in the

3

BOP.  At that point, CM Koehn informed the Plaintiff that she was pro-
viding him with a copy of the Immigration Detainer Notice of Action.
CM Koehn further stated, as if to clarify, that, the detainer had
been placed "by Immigration, not us," meaning not the BOP.  Then, UM
Wagner repeated that, the Plaintiff should remember he is in the BOP.
The Plaintiff asked for the administrative remedy forms, to which UM
Wagner responded by ordering the Plaintiff to leave the office.
The Plaintiff was not provided with the administrative remedy forms.
He felt intimidated and understood this "meeting" as a warning.

On August 3, 2007, the Plaintiff filed a petition with the
United States District Court for the District of Columbia seeking the
issuance of writ of mandamus to order the BOP to correct it's records
to reflect that no detainer existed.  That action was transferred to
the U.S. District Court for the Middle District of Pennsylvania.  The
MDPa court construed the Plaintiff's petition as a petition for
habeas corpus and dismissed it sua sponte, by order dated August 2,
2007.  The Plaintiff filed timely notice of appeal.  By order entered
on January 30, 2008, the U.S. Court of Appeals for the Third Circuit,
affirmed the district court's dismissal of the Plaintiff's petition
for writ of mandamus.

On September 7, 2007, BOP unit officer, J. Pellicano, entered
the Plaintiff's prison cell under pretext of conduct a "shake-down,"
i.e., cell search, and destroyed numerous items of the Plaintiff's
personal property, and disshovelling his legal papers and other pro-
perty.  This even clearly appeared to be for the purpose of intimida-
tion and harassment.

4

The Plaintiff filed administrative complaints regarding the destruction of his property. The BOP dismissed his claims of retaliation as having no basis, and have yet to compensate him for the destruction of his property. The tort claim is still pending.

### LEGAL STANDARD

On motion to dismiss, the court must determine whether the complaint is legally sufficient. The court must accept all factual allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The motion must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief. Hughs v. Rowe, 449 U.S. 5, 9-10 (1976). Allegations of pro se complaints are to be liberally construed as, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). When a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

To state a claim under the Privacy Act, a plaintiff must assert: (1) that an agency failed to maintain accurate records; (2) that it did so intentionally or willfully; (3) that the events consequently led to the decision; and (4) that an adverse determination has been made respecting the plaintiff. Toolasprashad v. Bureau of Prisons, 286 F.3d 576 (D.C. Cir. 2002). The type of conduct required by the agency to be willful and intentional is either committing the act without grounds for believing it to be lawful, or flagrantly disregarding

5

other's rights under the Act. Albright v. United States, 732 F.2d
181 (D.C. Cir. 1984).  Although a provision in the statute, 5 U.S.C.
§ 552a, permits an agency to exempt systems of records from require-
ments set out in other provisions of the Act, it does not permit an
agency to exempt itself from the civil liability provisions of the
Act. Tijerina v. Walters, 821 F.2d 789 (D.C. Cir. 1987).  Congress
expressly established the District of Columbia as a place of proper
venue in all cases under this section. In re Scott, 709 F.2d 717 (D.
C. Cir. 1983).

    Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, provides
that no federal action may be brought by a prisoner with respect to
prison conditions until such administrative remedies as are available
are exhausted. Woodford v. Ngo, 165 L.Ed.2d 368 (2006).  However, if
an agency does not respond to request or comply within the time limits,
a requester is deemed to have exhausted his administrative remedies
and can bring suit. Voiche v. Federal Bureau of Investigation, 999
F.2d 962 (5th Cir. 1993) citing Open America v. Watergate Special
Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976).  Also, when prison
officials prevent inmates from using the administrative process detail-
ed in the Code of federal Regulations, the process that exists on pa-
per becomes unavailable in reality. Kaba v. Stepp, 458 F.3d 678 (7th
Cir. 2006).  See Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1993)
(administrative remedies are exhausted when prison officials obstruct
process), and Dole v. Chandler, 438 F.3d 804 (7th Cir. 2006) (admini-
strative remedy process became unavailable when prison officials pre-
vented prisoner from using process).

6

## DISCUSSION

### Jurisdiction

In the case at bar, the Plaintiff, a pro se prisoner, filed the instant action seeking damages for injury due to adverse determinations based upon willfully inaccurate records maintained by the agency. To the extent that the Plaintiff's Complaint has been "inartfully pleaded," he respectfully seeks the Court's indulgence. Haines v. Kerner, supra. The Plaintiff, a foreign national, though fairly proficient in conversational English, being completely unknowledgeable with respect to law and legal procedure, relied upon a form provided to pro se prisoners for drafting and file this action. The specific forms, provided by the courts, frequently only cite 42 U.S.C. § 1983 to establish jurisdiction. Although, more recently provided forms also cite Bivens v. Six Unknown Named Agts of Fed Bur of Narc, in addition to § 1983, there are no prepared forms to aid inmates in making Privacy Act claims. Therefore, the Plaintiff made use of what was available, clearly without full comprehension of the meanings, hence, the possible confusion as to the nature of his claim. Furthermore, as to the "Parties" named in the caption, the Plaintiff, not unlike the average lay-person un-schooled in law, has nor perceived the significance of such distinction as, "individual capacity," but rather, has attempted to identify by name, individuals he believed may be responsible for perceived aggreivance. See Chisholm v. Georgia, 2 U.S. 419, 455-56 (1793) ("[the State] is an artificial person...In all our contemplations, however, we must remember that in truth and nature, those who think and speak, and act,

7

are men.").

## Privacy Act

On August 7, 2002, at the time of the Plaintiff's arrest, INS officer, P. Garcia, faxed an Immigration Detainer Notice of Action to the U.S. Marshals Service indicating that an investigation had been initiated to determine whether the Plaintiff was subject to deportation. (Exhibit A). The statutory authority upon which Garcia purportedly relied to undertake such action was, 8 U.S.C. § 1357(d), which provides in relevant part:

> "(d) Detainer of aliens for violation of controlled substance laws.
>
> In the case of an alien who is arrested by a Federal, State, or local law enforcement official for a violation of any law relating to controlled substances, if the official (or another official) –
> (1) has reason to believe that the alien may not have been lawfully admitted to the United States or otherwise is not lawfully present in the United States,
> (2) expeditiously informs an appropriate officer or employee of the Service authorized and designated by the Attorney General of the arrest and of facts concerning the status of the alien, and
> (3) requests the Service to determine promptly whether or not to issue a detainer to detain the alien,
> the officer or employee of the Service shall promptly determine whether or not to issue such a detainer."

8 U.S.C. § 1357(d). In the case of the Plaintiff, he had entered the United States on a lawfully issue and valid visa. His flights into and out of the United States were a matter of routine. The DEA and Customs officials conducting the seizure and subsequent arrest, knew, or reasonably should have known, these facts. The Plaintiff was a known, and properly licensed and authorized pilot, flying into the United States on a properly recorded and scheduled flight. Indeed,

8

said agents were anticipating arrival of the flight. Garcia could not reasonably have believed, under those circumstance that, the Plaintiff may not have been lawfully admitted to the United States, while entering on a properly issued and valid visa. Garcia "act[ed] without grounds for believing it to be lawful, or...flagrantly disregarding [the Plaintiff's] rights." Albright v. United States, supra.

At the time of the Plaintiff's arrest, he had not been convicted of an aggravated felony, and thus, was not subject to the provisions of 8 CFR § 238. Where a regulation creates a protectable liberty interest, an official's failure to adhere to the regulation may constitute basis for a claim when the regulation contains mandatory language that gives rise to a "state-created-right." See Tellier v. Fields, 230 F.3d 502 (2d Cir. 2000). Also Maclean v. Secor, 876 F. Supp. 695 (E.D.Pa. 1995) (where regulations are such that, an individual has the right to expect that decisions will be made and procedures and applied consistent with the specified predicates and standards, the regulations are sufficient to confer a liberty interest). A federal agency must generally comply with its own regulations. An individual affected by federal agency's action generally has right to enforce compliance with regulations enacted for benefit of the individual. VonKahl v. Brennan, 855 F. Supp. 1413 (M.D.Pa. 1994).

**Exhaustion**

The Plaintiff made repeated requests to the INS regarding their detainer. The agency failed/refused to respond, or otherwise, in any

9

manner acknowledge the Plaintiff's requests. (Exhibit **B**).  Where the
agency failed to respond, the Plaintiff has exhausted his administra-
tive remedies. Voinche v. FBI, supra.

When the INS failed/refused to respond, the Plaintiff sought to
pursue administrative remedy through the BOP. (See Defendants' Memo-
randum, p.7, "...appears Plaintiff essentially abandoned his admini-
strative remedies,").  The BOP staff response was swift and intimida-
ting.  The Plaintiff was denied administrative remedy forms, subject-
ed to repeated implied threats, and had his personal property vandal-
ized and destroyed.  Under the circumstance with which the Plaintiff
was confronted, exhaustion became unavailable. Dole v. Chandler,
supra.  In fact, if there were such a requirement with respect to
the BOP in the context of the instant Complaint, the exhaustion re-
quirement has been satisfied. See Griffin v. Selsky, 325 F. Supp. 2d
247, 250 (WDNY 2004) (exhaustion requirement may be satisfied where
inmate makes reasonable attempt and corrections officers impede or
prevent his efforts).

**Venue Proper**

It is well established that the District of Columbia is a pro-
per venue for Freedom of Information Act/Privacy Act claims. In re
Scott, supra.  Also, residence of the requestor/ complainant is not
the proper basis for consideration as to venue. See Ferri v. U.S.
Dep't. of Justice, 441 F. Supp. 404 (D.C.Pa. 1977) (prisoner in
Lewsiburg "arguably" resident of Pennsylvania, District of Columbia
was proper venue of FOIA/PA claim).

10

**No Exemption**

The Defendants assert that no Privacy Act claim could be stated against the BOP because it has exempted itself from "the amendment and accuracy provisions" of the Act. (Defendants' Memorandum, p. 7). However, such assertion expresses a misapprehension of the law. The Bop's exemption from requirement to amend certain of its files which may be deemed to be inaccurate, in no way shields it from liability for violation of other provisions of the Act. Especially violations as to rights which the Act intends to protect. See Tijerina v. Walters, supra.

**Collateral Estoppel Inapplicable**

The Defendants attempt to rely upon a Third Circuit Court of Appeals ruling regarding a petition for writ of mandamus filed by the Plaintiff, as posing a bar to the instant Complaint under the doctrine of collateral estoppel. The Defendants' argument is frivolous. The Defendants cite the statement in the Circuit Court's ruling that, "allegations of Cruz's petition do not demonstrate that the prison failed to maintain an accurate record." (Opinion of the Court, No. 07-3459, dated January 28, 2008, p.4). However, the Court of Appeals' ruling was affirmance of the District Court's denial of mandamus. The Appeals Court held that "mandamus would not be available" for claims regarding failure to maintain accurate records. The Court did not adjudicate on the merits of Privacy Act claim because it held review of failure to maintain accurate records no cognizable on request for mandamus relief. The Plaintiff's petition in that case requested an order for correcting records which the Court held,

11

did not appear from allegations in the petition to be conclusively inaccurate. This was not a finding that there was or is no inaccurate record. It merely concludes that Plaintiff failed to adequately allege facts in the petition for mandamus.

**NO INDIVIDUAL CAPACITY CLAIM ASSERTED**

The Plaintiff herein and herewith voluntarily dismiss' Defendant P. Garcia from this action as an individual or on any presumption of his individual capacity.

**CONCLUSION**

The Defendants' arguments in support their motion to dismiss are infirm. They have failed to demonstrate that the Plaintiff's Complaint lacks jurisdiction, is out of venue, or doesn't state a claim. In fact, the Defendants motion does not address the issues raised in the Plaintiff's Complaint at all.

WHEREFORE, for the foregoing reasons, the Defendants' motion to dismiss the instant action should be dismiss. Or, in the alternative, the Plaintiff should be given opportunity to amend his Complaint.

Dated: July 9, 2008

Respectfully Submitted,
/S/ RAFAEL DANIEL DE LA CRUZ-
JIMENEZ
July 10, 2008

By: Rafeal Daniel De La Cruz-Jimenez
Authorized Representative,
Pro Se
c/o P.O. Box 8000
Bradford, Pennsylvania
[16701]

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAFAEL DANIEL De La CRUZ-JIMENEZ,
                Plaintiff,

      -vs-                        Civil No.  1:07-cv-1690(ESH)

UNITED STATE DEP'T OF JUSTICE, et al.,
                Defendants.

### PROOF OF MAILING

I, Rafael De La Cruz, hereby attest and affirm that a true and correct copy of the foregoing Opposition to Defendants' Motion to Dismiss, was sent via first class postage-paid mail by presenting to corrections officials at FCI McKean for processing to the U.S. Postal Service on July 10, 2008, to:

Kenneth Adebonojo, AUSA
Office of the U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530

                              July 10, 2008

                        _____
Rafael Daniel De La Cruz-Jimenez
P.O. Box 8000
Braford, PA 16701

# E X H I B I T  "A"

July 10, 2008

Ronald David Delguercio

**U.S. Department of Justice**
Immigration and Naturalization Service

**Immigration Detainer - Notice of Action**

| | |
|---|---|
| File No: | A - 79 442 849   A-3 |
| Date: | 8/7/2002 |

TO: (Name and title of institution)
U.S Customs + U.S. Marshals
Fax: 7088

From: (INS office address)   56269   004
Krome SPC,
18201 SW 12th Street,
Miami, Florida  33194
(305) 552-1845

**Name of Alien:** De La Cruz-Jimenez, Rafael Daniel

**Date of Birth:** 4/10/1969    **Nationality:** Dominican    **Sex:** Male

**You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:**

[X] Investigation has been initiated to determine whether this person is subject to removal from the United States.

[ ] A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached was served on
_____
(Date)

[ ] A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____
(Date)

[ ] Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer.  This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

[X] Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays, and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling (305) 552-1845 during business hours or 305-552-1845 after hours in an emergency.

[ ] Please complete and sign the bottom block of the duplicate of this form and return it to this office.  [ ] A self-addressed stamped envelope is enclosed for your convenience. [X] Please return a signed copy via facsimile to 954-356-7948
(Area code and facsimile number)

Return fax to the attention of    P. Garcia    at    (954) 356-7790
(Name of INS officer handling case)        (Area code and phone number)

[X] Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

[X] Notify this office in the event of the inmate's death or transfer to another institution.

[ ] Please cancel the detainer previously placed by this Service on _____

_____                                _____
(Signature of INS official)                     Immigration Inspector
                                                (Title of INS official)

**Receipt acknowledged:**

Date of latest conviction: _____    Latest conviction charge: _____

Estimated Release date: _____

Signature and title of official: _____

Form I-247  (Rev.4-1-97) N

**E X H I B I T  "B"**

July 10, 2008

Rafael O. A. Ocla...
...ster ...1.308...

Rafael Daniel De La Cruz-Jimenez
sui juris/Secured Party
In behalf of RAFAEL DANIEL DE LA CRUZ JIMENEZ
Register. no. [56269-004]
U.S.P. CANAAN
WAYMART, near [18472]
Pennsylvaina

In special visitiation
propria persona

December 18, 2006


**To:** P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street
Miami, Florida 33194
(305) 552-2845

**Subject:** **Writ of Inquiry in the nature of Quo Warranto for a determination of whether ICE detainer issued as letter of interest against *ens legis* RAFAEL DANIEL DE LA CRUZ JIMENEZ or a demand made by ICE upon detainer warrant that claim the right to take *natural person* Rafael Daniel De La Cruz-Jimenez, sui juris/Secured Party, into custody in the future and ask the Warehouseman to hold a petitioner for that purpose.**

Dear ICE Agent Garcia :

In regards to the above stated subject the Undersigned herein, Rafael Daniel De La Cruz-Jimenez, sui juris/Secured Party, (hereinafter "undersigned") was informed by USP Case Manager, doing business as a Keeper of chattels and goods for others, that one "P. Garcia" ICE Official/Agent lodged an ICE detainer; but, not the nature of same. Therefore the undersigned herewith exercise his sovereign right to remedy at law via the ancient writ of quo warranto; to inquiry as follow:

A) The undersigned herewith to P. Garcia **Inquire in the nature of Quo Warranto** demand information establishing by what federal jurisdiciton according to the constitution and laws of the land is the undersigned being held against his will in the UNITED STATES OF AMERICA that gives rise to ICE's legal exercise of the issuance of the above stated detainer?

B) The undersigned herewith to P. Garcia **Inquire in the nature of Quo Warranto**

demand information establishing what is the nature of said detainer: is it a warrant from ICE to hold undersidgned as a natural person convicted of a crime under the Constitution and laws of the United States in accords with due process proceeding including but not limited to, right and madatory clear corresponding duty owed undersign under the **Vienna Convention on Consular Relations**, Apr. 24, 1963, [1970] 21 U. S. T. 77, 100-101, T. I. A. S. No. 6820, to notice and grant access to consulor pursuant to Article 36 without regard to procedural default doctrines; or is it, the detainer, a notice to the Warehouseman?

C) The undersigned herewith to P. Garcia **Inquire in the nature of Quo Warranto** demand information establishing against whom: the **natural person** or **ens legis**, you issued said warrant or notice of detainer; in that the undersigned has been and continues to be held against his will as warehoused surety for corporation fiction person: **RAFAEL DANIEL DE LA CRUZ JIMENEZ**, as defined at **21 USC § § 321(e)** *to wit*: [t]he term "person" includes individual, partnership, corporation, and association, and the undersigned is entitled to the duty of full disclosure of all lilability?

The reasons for this inquiry are as follow.

1.    Undersigned entered North America under a lawful visa; he was ex parte seized by unidentified agents under judgment decree of a federal United States District Court of record on August 7, 2002, and is currently detained and compelled under threats, duress, and coercion without his consent and against his will to perform under suretyship to answer for the debt, default, or miscarriage of another, **50 Am J1st Suret §§ 2, 3,** by Warden Lindsay Cameran, doing business as, a Warehousman, **56 Am J1st Wareh § 2,** who receives and stores natural persons seized and stored in warehouses under ex parte judgment of United States District Courts as debt surety, *i.e.,* **1. UCC § 1 -- 201(40),** and chattles **42 Am J1st Prop § 24** (" Property which is movable" ) of others as a business at USP Canaan near [18472] Pennsylvaina.

2.    The Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, transferred the immigration enforcement functions of the Commissioner of Immigration and Naturalization (or any officer, employee, or component of the Immigration and Naturalization Service ("INS")) to the Secretary of Homeland Security. As of March 1, 2003, the INS ceased to exist and its functions were transferred to the Department of Homeland Security. The former INS's enforcement, detention, and removal functions are within the responsibility of the Bureau of Immigration and Customs Enforcement (hereinafter "ICE").

3.    An ICE detainer: serves to advise another law enforcement agency that the [Immigration and Naturalization] Service seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Service, prior to release of the alien, in order for the Service to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible. **8 C.F.R. § 287.7(a)**   2005 U.S. Dist. LEXIS 22646:: **Khaliq v. Brown**::September 29, 2005, Decided

4.    In **Vargas v. Swan,** 854 F.2d 1028 (7th Cir. 1988) , the Seventh Circuit analyzed circumstances under which an INS detainer satisfies the "in custody" requirement. Vargas, a Mariel Cuban incarcerated by the State of Wisconsin, filed a habeas petition challenging an INS detainer. Id. at 1029 . The detainer sought notice of Vargas's pending release date at least 30 days in advance but was accompanied by neither a warrant of arrest nor an order to show cause. Id. at 1030. Declining to "take the detainer label affixed here and rotely match it up with cases labeled detainer cases," the Seventh Circuit considered "the effect of the INS's action and whether it restrain[ed] Vargas to the extent found sufficient to establish custody in other detainer cases." Id.   Based on **Braden v. 30th Jud'l Circ. Ct. of Ky.,** 410 U.S. 484, 489 n.2, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) , **Moody v. Daggett,** 429 U.S. 78, 80-81 n.2, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976) , and **Preiser v. Rodriguez,** 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) , the Seventh Circuit concluded that "an action that has as part of its effect the 'holding' of a prisoner for a future custodian who has evidenced an intent to retake or to decide the prisoner's future status at the end of his or her current confinement serves to establish custody for habeas purposes." Id. at 1032 . Because the INS failed to place sufficient evidence in the record to establish the effect of the INS detainer, however, the Seventh Circuit remanded for a determination whether the prison treated the INS detainer as a request for a "hold" or only as a request for notice. Id. at 1033.

5.    According to DeRoberto, dba Keeper, "Currently a detainer is lodged against you by the Bureau of Immigration & Customs Enforcement (ICE). As policy dictates, near the end of your sentence you will have a hearing". See: handwritten presentment serving and evidencing ICE detainer from USP Canaan Staff Member DeRoberto annexed hereto as **Exhibit A** and incorporated herein by reference.   As evidenced by **Exhibit A,** @ page 2, the undersigned sent an entreaty "For Production of INS Detainer Served To Rafael Daniel De La Cruz-Jimenez"; forwhich said DeRoberto failed to respond in according with the specific performance of the Entreaty. As a result his service of P. Garcia's ICE detainer, as presented at **Exhibit A,** is absent any disclosure of the subject of your ICE warrant or purpose that afford the undersigned due process notice and protections from being forcibly held and detained in the United States without his consent.

6.    The undersigned has never been notice nor served a bill, complaint, or indictment stating the federal subject matter jurisdiction of the United States District Court to entertain an original action against *natural person* **Rafael Daniel De La Cruz-Jimenez,** sui juris and secured party; a statement of jurisdiction by the UNITED STATES OF AMERICA [*sic*] in its accusation #02-60176-CR-WPD or any other disclosure or due process notice of a federal question, federal right, or any federal cause of action for original jurisdiction of the United States District Court to entertain *ab initio* accusation #02-60176-CR-WPD.

# CAVEAT

P. Garcia in your official capacity as issuing ICE Official originating the aforegoing "detainer" as evidenced by USP Canaan's keepers at **Exhibit A** your oath of office, duty under the Constitution and laws of the United States, and superior knowledge of the Constitution, treaties, and laws of the United States require you provide the undersigned such due process determination of the nature of your instrument, "detainer", to lawfully provide notice to undersigned of any liability attached to him therefrom. Because application of ICE procedure must be deemed to apply to a particular federal jurisdiciton only if not impermissibly exercise without constitutional and judicial authority.

Please understand that I have had no dealing with the United States District Court nor consented to suretyship for the aforementioned *ens legis*; therefore this is my good faith effort at private remedy for full disclosure and due process notice of your cause of action. Accordingly, I remain;

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Erin Richardson, Notary Public
Canaan Twp., Wayne County
My Commission Expires Oct. 19, 2008
Member, Pennsylvania Association of Notaries

Rafael Daniel De La Cruz-Jimenez
sui juris/Secured Party
In behalf of RAFAEL DANIEL DE LA CRUZ JIMENEZ
Register. no. [56269-004]
U.S.P. CANAAN
WAYMART, near [18472]
Pennsylvaina

In special visitiation
propria persona

## AFFIDAVIT OF Rafael Daniel De La Cruz-Jimenez

State of Pennsylvania          )
County of Wanye                )

On ___27ᵗʰ___ day of, _December 2006_ Rafael Daniel De La Cruz-Jimenez personally appeared before me, the Notary Public whose signature appears below. Rafael Daniel De La Cruz-Jimenez submitted the following under affirmation:

1. My name is Rafael Daniel De La Cruz-Jimenez. I am over 18 years of age and I am personally familiar with the facts stated in this:

**Writ of Inquiry in the nature of Quo Warranto for a determination of whether ICE detainer issued as letter of interest against *ens legis* RAFAEL DANIEL DE LA CRUZ JIMENEZ or a demand made by ICE upon detainer warrant that claim the right to take *natural person* Rafael Daniel De La Cruz-Jimenez, sui juris/Secured Party, into custody in the future and ask the Warehouseman to hold a petitioner for that purpose.**

which is not submitted for purpose of fraud, injustice, delay, and if called to testify as a witness is this matter, I could and would competently testify to the facts set out in this affidavit.

SUBSCRIBED AND SWORN TO BEFORE ME on _December 27, 2006_ [date]
at_____

[Notary's seal]

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Erin Richardson, Notary Public
Canaan Twp., Wayne County
My Commission Expires Oct. 19, 2008
Member, Pennsylvania Association of Notaries

_Erin Richardson_ [notary's signature]
_Erin Richardson_ [typed name]
Notary Public in and for
the State of _Pennsylvania_.
My commission expires
_10/19/08_ [date].

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | 1.21 |
| Certified Fee | | 2.40 |
| Return Receipt Fee (Endorsement Required) | | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | 5.46 |

Postmark Here

Dec 27, 2006

Sent To: **P. Garcia, ICE Agent (Krome SPC)**
Street, Apt. No.; or PO Box No.: **18201 SW 12th Street**
City, State, ZIP+4: **Miami, Florida 33194**

PS Form 3800, June 2002        See Reverse for Instructions

---

7003 2260 0005 6520 8712

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street
Miami, Florida 33194

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                  01/03/07

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail     ☐ Express Mail
   ☐ Registered         ☒ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7003 2260 0005 6520 8712

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

UNITED STATES POSTAL SERVICE
ICE
Inquire in the nature of
quo warranto

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Rafael Daniel De La Cruz Jimenez
Reg.No.[56269-004], C-2
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472

December 27, 2006

Received on 1/8/7

8033

Rafael Daniel De La Cruz-Jimenez
sui juris/Secured Party
In behalf of **RAFAEL DANIEL DE LA CRUZ JIMENEZ**
Register No.[562669-004]
U.S.P. CANAAN
P.O. BOX [300]
WAYMART, near [18472]
Pennsylvania


In special visitation
propria persona

January 4, 2007


**To:** P. Garcia, ICE Agent
    Krome SPC
    18201 SW 12th Street
    Miami, Florida 33194
    (305) 552-2845


# Re: Notice of Fault and Opportunity to Cure


Dear ICE Agent Garcia

On <u>December 27, 2006</u> the Undersigned caused to be served on you an **Inquiry in the nature of Quo Warranto for a determination of whether ICE detainer issued as letter of interest against *ens legis* RAFAEL DANIEL DE LA CRUZ JIMENEZ or a demand made by ICE upon detainer warrant that claim the right to take *natural person* Rafael Daniel De La Cruz-Jimenez, sui juris/Secured Party, into custody in the future and ask the Warehouseman to hold a petitioner for that purpose.**

You have refused or failed to answer that Inquiry in disclosing your lawful cause to stigmatize and subject the Undersigned to punitive detainment, and duty to provide due process. This is your failure or continued refusal to provide the clear mandatory duty corresponding to exercise of my right to due process will result in a certificate of default isuing that is legal evidence of your unlawful acts against me and resulty tort.

Please be informed you have ten(10) days to provide your clear mandatory duty corresponding to my right exercise with the aforesaid Inquiry in the nature of Quo Warranto; failure or refusal will result

**Notice of Fault and Notice to Cure**        1 of 2

in default, and certificate of default in accordance with these
notice and affidavit herein.


Thanking you in advance for your service.



                    Sincerely,

                    Rafael Daniel De La Cruz Jimenez®
                    Secured Party/Creditor.

# **AFFIDAVIT OF** Rafael Daniel De La Cruz-Jimenez

State of Pennsylvania          )
County of Wanye              )

On _February_ day of, _15_ _2007_ Rafael Daniel De La Cruz-Jimenez, personally appeared before me, the Notary Public whose signature appears below. Rafael Daniel De La Cruz-Jimenez submitted the following under affirmation:

1.  My name is Rafael Daniel De La Cruz-Jimenez. I am over 18 years of age and I am personally familiar with the facts stated in this:

**Writ of Inquiry in the nature of Quo Warranto for a determination of whether ICE detainer issued as letter of interest against *ens legis* RAFAEL DANIEL DE LA CRUZ JIMENEZ or a demand made by ICE upon detainer warrant that claim the right to take *natural person* Rafael Daniel De La Cruz-Jimenez, sui juris/Secured Party, into custody in the future and ask the Warehouseman to hold a petitioner for that purpose.**

which is not submitted for purpose of fraud, injustice, delay, and if called to testify as a witness is this matter, I could and would competently testify to the facts set out in this affidavit.

SUBSCRIBED AND SWORN TO BEFORE ME on _February 15, 2007_ [date] at_____

[Notary's seal]

_Erin Richardson_ [notary's signature]

_Erin Richardson_ [typed name]
Notary Public in and for
the State of _Pennsylvania_ .
My commission expires
_10/19/08_ [date].

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Erin Richardson, Notary Public
Canaan Twp., Wayne County
My Commission Expires Oct. 19, 2008
Member, Pennsylvania Association of Notaries

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com℠

**OFFICIAL USE**

Rafael De La Cruz #56269-004, C-2

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

*Sent To* P. Garcia,ICE Agent(Krome SPC)
*Street, Apt. No.; or PO Box No.* 18201 SW 12th Street
*City, State, ZIP+4* Miami, Florida 33194

PS Form 3800, June 2002          See Reverse for Instructions

7003 2260 0005 6520 8743

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street
Miami, Florida 33194

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by ( Printed Name )       C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)      7003 2260 0005 6520 8743

PS Form 3811, February 2004     Domestic Return Receipt      102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

Notice of Fault an

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● **Sender: Please print your name, address, and ZIP+4 in this box** ●

Rafael Daniel De La Cruz Jimenez
Reg.No.[56269-004], C-2
U.S.P. Canaan
P.O. Box 300
Waymart,PA 18472



February 8, 2007

Notice of fault and Opportunity to cure



Rafael Daniel De La Cruz-Jimenez, Secured Party
sui juris/ Secured Party
in behalf of: **RAFAEL DANIEL DE LA CRUZ JIMENEZ**
Reg.No. [56269-004]
United States Penitentiary Canaan/CCA
In care of: Post Office Box [300]
Waymart, near [18472] Pennsylvania
RAFAEL DANIEL DE LA CRUZ JIMENEZ


P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street
Miami, Florida 33194
(305) 552-2845


February 8, 2007

### NOTICE OF DEFAULT AND ASSENT, DEMAND, and NOTICE OF ESTOPPEL

_____day of the _____month, in the year two thousand and seven, ano Domini.

**RE: Inquiry in the nature of Quo Warranto for determination of whether ICE detainer issued.**

---

---

### NOTICE OF DEFAULT

On the 18th day of the December month, in the year of our Lord two thousand and six you received from Rafael Daniel De La Cruz-Jimenez, presenter, an **Inquiry in the nature of Quo Warranto for determination of whether ICE detainer issued**. Respondent did not invoked the Fixth and Sixth Amendment's of the Constitution for the United States of America. However, Respondent is under a clear and mandatory duty to provide full desclosare of any arost detainer or other acusation against me or my property. **See** also; Public Law Rep. No. 91-1018, p 2 (1970); S: Rep. No. 91-13j6, p 2 (1970) and U.C.C. 1-103.6, as administrative demands were made, with **NOTICE, DEMAND AND CAVEAT, PRIOR TO RESPONSE.** See attachements.

DEMAND was respectfully made to the named individual(s) P. Garcia, ICE Agent, to provide DISCLOSURE regarding his/her actions.

1 of 2



Said named individual(s) **FAILED TO RESPOND** and/or **FAILED** to provide **ANY** information or disclosure documents required by **LAW,** and deman-ded by the respondents notice and questions.

By failure to do so, **NOW** and **FOREVER** each Respondent and their offi-ces have yield to **ESTOPPEL.**, Waiver, Fraud, etc., under U.C.C. 1-103, 1-103.6 nemo debt bis vexari pro una et eadem Causa, and such will-ful refusal may subject each Respondent to Civil Liabilities or Cri-minal punishment.

**EACH RESPONDENT IS NOTICE AND DEMAND:** To disit and refrain from ta-king any further action in the above referenced matter without lia-bility therefore (cf. liability for personal damages, **Pulliam v. Allen, 104 set.1970, 1979)** except to restore the Secured Party to his/her former status, and that I have secured rights, privileges, privacy and immunities and each is so protected is valued at no less than One Million Dollars each, DEMAND IS FURTHER MADE to all governmental officials to protect me, and mine in my peaceful exer-cise or enoyment of my rights, privileges, privacy, immunties, etc., (cf. Title 18 USC 241 142; Title 41 USC, 1983, **Bivins v. US Officials and Agents**, 403 US 388 (1971), Dykes v. Hosemann, 743 F2d 1488, (11 CA Dec. 1984).

**NOTICE OF LIEN:** Violation and/or invasion of any above denominated rights per violative, shall act as a lien upon the nonexempt proper-ty of each presentee as follows: Nonexempt household goods; and real estate; and future earnings; and other personal property.

**VERIFICATION:** I verify that a true copy of this Notice of Default, and Demand, was duly served upon the before named individual at the offices before stated via CERTIFIED MAIL RETURN RECEIPT No. 7006 0100 0004 3742 8929        , and that I am competent to testify in the matters herein stated; that I have personal knowledge of all of the facts which relate to this service and the above named response on the record; that the allegations stated herein are true and co-rrect in entirety to be best of my Knowledge, belief and upon infor-mation, under penalty of perjury.

Sealed this _13th_ day of the _March_ month, in the Year of Our Lord Two thousand and seven.

Affiant: Rafael Daniel De La Cruz Jimenez invoking U.C.C. 1-308 Without Prejudice.

SUBSCRIBED AND SWORN TO BE BEFORE ME ON _3-13-07_        [date] At_____

[Notary's Seal]                _Erin Richardson_    [notary' signature]

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Erin Richardson, Notary Public
Canaan Twp., Wayne County
My Commission Expires Oct. 19, 2008
Member, Pennsylvania Association of Notaries

_Erin Richardson_        [typed named]

Notary Public in and for the State of _Pennsylvania_ .

My commision expires _10-19-08_ [date].

## U.S. Postal Service
## CERTIFIED MAIL RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

Rafael D. De La Cruz #56269-004, C-2

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

March 13, 07

Sent To
P. Garcia, ICE Agent
Street, Apt. No.; or PO Box No.
Krome SPC,18201 SW 12th St,
City, State, ZIP+4
Miami, Florida 33194

PS Form 3800, June 2002       See Reverse for Instructions

7006 0100 0004 3742 8929

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street,
Miami, Florida 33194

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                           ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☒ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
(Transfer from service label)   7006 0100 0004 3742 8929

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

NOTICE OF FAULT AND ASSENT
DEMAND, and NOTICE OF ESTOPPEL

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Rafael Daniel De La Cruz-Jimenez
Reg.No.[56269-004], C-2
United States Penitentiary Canaan/CCA
In care of: Post Office Box [300]
Waymart, near [18472] Pennsylvania
RAFAEL DANIEL DE LA CRUZ JIMENEZ   TRADE-NAME

March 13, 2007



From: Rafael Daniel De La Cruz-Jimenez®
      sui juris/Secured Party
      In bahalf of: RAFAEL DANIEL DE LA CRUZ JIMENEZ®
      Reg.No. [56269-004]
      United States Penitentiary Canaan/CCA
      In care of: Post Office Box [300]
      Waymart, near [18472] Pennsylvania
      RAFAEL DANIEL DE LA CRUZ JIMENEZ® TRADE-NAME


To: P. Garcia, ICE Agent
    Krome SPC
    18201 SW 12th Street
    Miami, Florida 33194
    (305) 552-2845


   April 16, 2007


### CERTIFICATE OF DEFAULT

_____day of the_____month, in the year two thousand and seven,
ano Domini.

_____

_____

### CERTIFICATE OF DEFAULT

It is hereby certified that on this <u>February 8, 2007</u>, that P. Garcia,

ICE Agent, Krome SPC, the above address, having received on

<u>December 18, 2006</u>, a "Writ of Inquiry in the nature of Quo Warranto

for a determination of whether ICE detainer issued as letter of

interest against ens legis RAFAEL DANIEL DE LA CRUZ JIMENEZ or a

demand made by ICE upon detainer warrant that claim the right to

take natural person Rafael Daniel De La Cruz-Jimenez, sui juris/

Secured Party, into custody in the future and ask the Warehouseman

to hold a petitioner for that purpose. By certified mail, to wit:

return receipt <u>#7003 2260 0005 6520 8712</u>, and obligated under a

clear mandatory purely ministerial duty owe the undersigned as his

right to substantive due process exercised evidenced via service of the aforesaid **Writ of Inquiry**; accordingly, having been noticed of this **Fault**, and given an **Opportunity to Cure**, to wit: **"Notice of Fault and Opportunity Cure"** serviced via certified mail on **February 26, 2007**, return receipt # <u>7003 2260 0005 6520 8743</u>, and having by indefference and/or refused failed to Cure said Fault; this Certificate of Default issue as legal evidence sustaining your **Tacit Aggreement** and **Aggreed in to "Notice of Default and Assent, Demand, and Notice of Estoppel"** served on P. Garcia, ICE Agent, Krome SPC, to address above, by certified mail served <u>March 19, 2007</u>, to wit: via return receipt # <u>7006 0100 0004 3742 8929</u>.

VERIFICATION: I verify that a true copy of this Certificate of Default, was duly served upon the before named individual at the offices before stated via CERTIFIED MAIL AND RETURN RECEIPT No. <u>7006 0100 0004 3742 9049</u>, and that I am competent to testify in the matters herein stated; that I have personal knowledge of all of the facts which relate to this service and the above named response on the record; that the allegations stated herein are true and correct in entirety to be best of my knowledge, belief and upon information, under penalty of perjury.

Sealed this _17th_ day of the _April_ month, in the Year of Our Lord Two thousand and seven.

Affiant: _Rafael David Olaenjuars_ , invoking U.C.C. 1-308 Without Prejudice.

SUBSCRIBED AND SWORN TO BE BERORE ME ON _April 17, 2007_ [date] At _____

[Notary's Seal]

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Erin Richardson, Notary Public
Canaan Twp., Wayne County
My Commission Expires Oct. 19, 2008
Member, Pennsylvania Association of Notaries

_Erin Richardson_ [notary's Signature]

_Erin Richardson_ [typed named]

Notary Public in and for the State of

_Pennsylvania_

my commission expires

_10-19-08_ [date]

1 of 2

## U.S. Postal Service
## CERTIFIED MAIL RECEIPT
**(Domestic Mail Only; No Insurance Coverage Provided)**

For delivery information visit our website at www.usps.com

Rafael De La Cruz #56269-004,C-2

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

April 16,07

**Sent To**
P. Garcia, ICE Agent(Krome SPC)
**Street, Apt. No.; or PO Box No.** 18201 SW 12th Street
**City, State, ZIP+4** Miami, Florida 33194

PS Form 3800, June 2002                    See Reverse for Instructions

**CERTIFIED MAIL**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7006 0100 0004 3742 9049

---

7006 0100 0004 3742 9049

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X ☐ Agent ☐ Addressee <br> B. Received by ( Printed Name )    C. Date of Delivery |

**1. Article Addressed to:**

P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street
Miami, Florida 33194

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

**3. Service Type**
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☑ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

**4. Restricted Delivery? (Extra Fee)**   ☐ Yes

**2. Article Number**
(Transfer from service label)    7006 0100 0004 3742 9049

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

Certificate of Default
April 16, 2006 for Detainer

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Rafael Daniel De La Cruz-Jimenez®
Reg.No. [56269-004], C-2
United States Penitentiary Canaan/CCA
In care of: Post Office Box [300]
Waymart, near [18472] Pennsylvania
RAFAEL DANIEL DE LA CRUZ JIMENEZ®

April 16, 2007