UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RAFAEL DANIEL DE LA CRUZ-JIMENEZ,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. Action No. 07-1690 (ESH) |
| **U.S. DEPARTMENT OF JUSTICE** *et al.*, | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

In this civil action brought *pro se*, plaintiff, a citizen of the Dominican Republic, is a federal prisoner in the custody of the Bureau of Prisons ("BOP") who has an immigration detainer lodged against him. Although plaintiff captions the complaint as "A Diverse Citizenship Action Complaint Under 42 U.S.C. § 1983," he clarifies in his opposition to the pending dispositive motion that he is seeking relief under the Privacy Act, 5 U.S.C. § 552a. Defendants move collectively to dismiss the complaint pursuant to Rule 12(b)(1), (b)(2), (b)(3) and (b)(6) of the Federal Rules of Civil Procedure or to transfer the case to the United States District Court for the Western District of Pennsylvania. Upon consideration of the parties' submissions and the entire record, the Court grants defendants' Rule 12(b)(6) motion to dismiss.[1]

---

[1] The original complaint names as defendants the U.S. Department of Justice, Immigration and Naturalization Service, INS/Office, P. Garcia and the Federal Bureau of Prisons Agency. In his opposition to the pending motion, plaintiff "voluntarily dismiss[es] Defendant P. Garcia from this action . . . ." (Plaintiff's Opposition to Defendants' Motion to Dismiss or, in the Alternative, to Transfer at 12.) Defendants' Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction therefore is moot.

## I.  BACKGROUND

Plaintiff alleges that in August 2002, he was arrested in Miami, Florida, for transporting 450 kilograms of cocaine concealed in a hidden compartment of his employer's "company aircraft from the Dominican Republic" that he piloted.  (Plaintiff's Opposition to Defendants' Motion to Dismiss or, in the Alternative, to Transfer ["Pl.'s Opp."] at 2.)   In October 2006 while incarcerated at the United States Penitentiary Canaan in Waymart, Pennsylvania, plaintiff  was notified that the INS [now Immigration and Customs Enforcement ("ICE")] had lodged a detainer.  Between December 29, 2006 and April 18, 2007, plaintiff allegedly wrote the INS to confirm the existence of a detainer but received no response.  He therefore "presumed [that] the BOP was maintaining an inaccurate record." (*Id*. at 2-3.)

On March 5, 2007, plaintiff allegedly sent a request to Warden Cameron Lindsay, seeking "what he believed to be an inaccurate record, *i.e*., that no actual INS detainer existed, as no such document had been served upon him." (*Id*. at 3.)  Warden Lindsay allegedly responded that ICE had lodged such a detainer.  (*Id*.)  Plaintiff alleges that when he sought to pursue his administrative remedy to correct his BOP record, he was called into a 'private meeting' with his counselor and other BOP officials.  (*Id*. at 3.)  He allegedly was denied the necessary forms for pursuing his administrative remedy and was threatened for seeking redress.  (*Id*. at 3-4.)  Plaintiff "felt intimidated and understood this 'meeting' as a warning."  (*Id*. at 4.)

On September 20, 2007, plaintiff filed a civil action in this Court, which was transferred *sua sponte* to the Middle District of Pennsylvania.  *Cruz-Jimenez v. DC/Federal Bureau of Prisons*, Civ. Action No. 07-1654 (D.D.C., Sept. 20, 2007).  Plaintiff filed the current civil action on September 24, 2007.  More than one month earlier, on August 2, 2007, the Middle District of

2

Pennsylvania decided on the same set of facts this case presents that plaintiff had established no right to a writ of mandamus, a writ of *habeas corpus* or relief under the Interstate Agreement on Detainers. *Cruz-Jimenez v. Holt*, 2007 WL 2245895 (M.D. Pa., Aug. 2, 2007), *aff'd* 262 Fed.Appx 371 (3d Cir., Jan. 30, 2008).

## II. DISCUSSION

Defendants assert several defenses, none of which supports dismissal for lack of subject jurisdiction (Rule 12(b)(1)) or improper venue (Rule 12(b)(3)). This Court has original jurisdiction over Privacy Act claims pursuant to the federal question provision of 28 U.S.C. § 1331, and the Privacy Act authorizes "[a]n action to enforce any liability created under this section [to] be brought [*inter alia*] in the District of Columbia." 5 U.S.C. § 552a (g)(5). The Court therefore denies defendants' motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(3).

As the basis for their Rule 12(b)(6) motion to dismiss, defendants assert that plaintiff failed to exhaust his administrative remedies under the Privacy Act and that his claim in any event is barred by collateral estoppel. Plaintiff has raised a genuine issue of material fact as to whether BOP officials, as an act of retaliation, impeded his attempts to exhaust administrative remedies. (*See* Pl.'s Opp. at 3-4.) Because the failure to exhaust does not deprive the Court of subject matter jurisdiction and adjudication on the merits is strongly favored, *see Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995), the Court need not reach the exhaustion question to resolve this case.

Reading the complaint and opposition liberally, the Court determines that plaintiff is seeking monetary damages under the Privacy Act pursuant to 5 U.S.C. § 552a(g)(1)(C)(D) and (g)(4). *See* Pl.'s Opp. at 7 ("the Plaintiff . . . filed the instant action seeking damages for injury

due to adverse determinations based upon willfully inaccurate records maintained by the agency"). To prevail on such a claim, plaintiff must establish that (1) the agency's record is inaccurate, (2) the inaccurate record resulted in an adverse determination, and (3) the agency's acts or omissions were willful or intentional. *Deters v. U.S. Parole Commission*, 85 F.3d 655, 657 (D.C. Cir. 1996); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 312 (D.C. Cir. 1992); accord *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (claim consists of allegations of "inaccurate records, agency intent, proximate causation, and an adverse determination").

Plaintiff has failed to establish the threshold requirement of an inaccurate record. His claim is predicated on "what [plaintiff] believed to be an inaccurate record, *i.e.*, that no actual INS detainer existed," (Pl.'s Opp. at 3), but the previous civil action established that "the prison provided Cruz with a copy of the detainer[,]" *Cruz-Jimenez*, 262 Fed.Appx at 373, thereby negating the claim. As the Third Circuit observed, "the allegations of Cruz's petition do not demonstrate that the prison failed to maintain an accurate record; rather, it appears that his allegations of inaccuracy are based solely on his contention that the document captioned 'Immigration Detainer-Notice of Action' is not a detainer." *Cruz-Jimenez*, 262 Fed. Appx at 373.[2]

---

[2] The Court will not address defendants' argument that plaintiff's Privacy Act claim is barred by collateral estoppel (Defs' Mem. of P. & A. at 7-9), but notes that the Third Circuit seemed to have left open the possibility that plaintiff could pursue such a claim. *See Cruz-Jimenez*, 262 Fed.Appx. at 373 ("As the Appellee properly argues, the extraordinary relief of mandamus would not be available [to challenge the accuracy of the BOP record], as another remedy would be available, namely, an action under the Privacy Act pursuant to 5 U.S.C. § 552a.").

## III.  CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff fails to state a claim upon which relief may be granted under the Privacy Act and, thus, grants defendants' Rule 12(b)(6) motion to dismiss.  A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 24, 2008